## Commonwealth ex rel., Appellant, *v.* Bowman.

*Bridges—County bridges—Statutory requirements—Record—Act of June* 13, 1836, *P. L.* 551.

Under the Act of June 13, 1836, P. L. 551, the prerequisites to the authority of county commissioners to build a county bridge are: (1) a report of viewers that the bridge is necessary and would be too expensive for the township; (2) that these facts have been made to appear to the court, grand jury and commissioners of the county; and (3) that the bridge has been entered on record as a county bridge. Each one of these several steps is necessary to the validity of the proceeding authorizing the erection of a county bridge. If either has not been taken the commissioners are not empowered to expend the money of the county in the erection of the bridge.

The proper practice in conforming to the statutory provision as to recording a county bridge, is for the commissioners to pass a resolution formally expressing their concurrence in the view that the bridge is necessary, and too expensive for the township, and to file a copy of such resolution in the quarter sessions, the record of which will then show a complete proceeding carrying authority to build. The mere fact that the commissioners had advertised for proposals to erect the bridge, and that this appeared in the records of the court, is not a compliance with the statutory provision that the bridge shall be entered of record.

Argued April 29, 1907.    Appeal, No. 87, Jan. T., 1907, by plaintiff, from decree of C. P. Cumberland Co., Sept. T., 1906, No. 244, sustaining demurrer to answer in case of Commonwealth ex rel. T. Ralph Jacobs, District Attorney of Cumberland County, on Petition of Jacob Musser, J. H. Lantz and Howard Hess, Supervisors of East Pennsborough Township v. J. Van Bowman, J. H. Bowman and Lewis C. Faber, Commissioners of Cumberland County.    Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Petition for mandamus.    Before SADLER, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in sustaining demurrer to answer.

*S. S. Rupp*, with him *G. Wilson Swartz*, for appellant.— The demurrer should have been sustained: Appeal of Commissioners of Northampton County, 57 Pa. 452; Youghiogeny River Bridge, 2 Pa. Superior Ct. 265 ; Long v. Commissioners of Franklin County, 2 Rawle, 154.

*S. B. Sadler*, with him *M. F. Thompson*, for appellee, cited : P. & L. E. R. R. Co. v. Lawrence County, 198 Pa. 1; Com. v. Baker, 212 Pa. 230 ; Mahon v. Luzerne County, 197 Pa. 1 ; Nescopeck Bridge, 120 Pa. 288 ; Youghiogheny River Bridge, 168 Pa. 454.

OPINION BY MR. JUSTICE MESTREZAT, May 20, 1907 :
This is a proceeding by mandamus to compel the commissioners of Cumberland county to erect a county bridge over Conodoguinet creek in East Pennsborough township.    The petition for the writ avers, inter alia, as follows: that certain citizens of Cumberland county presented their petition to the quarter sessions of said county setting forth that a bridge over Conodoguinet creek in said township was necessary ; that the expense of erecting the bridge would be burdensome upon the inhabitants of the township and more than it was reasonable that the township should bear, and praying for the appointment of viewers; that viewers were appointed as prayed for and made a report in favor of the bridge which was confirmed ab-

solutely by the court on November 13, 1905; that on November 14, 1905, the report was approved by the grand jury of the county and entered on the records of Cumberland county as a county bridge; that shortly thereafter the county commissioners advertised for proposals for the erection of a bridge; that, subsequently, the court, upon petition of certain citizens of the county, reduced the width of the bridge from twenty to sixteen feet and modified the former order of the court fixing the width of the bridge at twenty feet, which order of the court was, on February 7, 1906, approved by the grand jury. The petition for the writ avers that it then became the duty of the county commissioners to procure an estimate of the cost of said bridge, provide moneys to defray the expenses of the same, and proceed to have the bridge erected, but they had neglected and refused to do so. The petition prayed for a mandamus commanding the commissioners to proceed to erect the bridge.

To the alternative writ issued by the court, the commissioners filed an answer admitting that the viewers recommended the building of the bridge; that their report was confirmed by the court, and the width of the bridge was fixed at twenty feet; that the commissioners then in office advertised for proposals to build the bridge; and that the court made an order reducing the width of the bridge to sixteen feet, which order was confirmed by the grand jury at the February sessions in 1906. The answer also avers that one of the petitioners for the bridge was a member of the grand jury which acted upon the order of the court reducing the width of the bridge; that the commissioners have not acted upon that order; that they have not found the bridge necessary or that its expense is too great for the township in which it is proposed to be erected, both of which facts they deny; that the bridge has not been entered of record as a county bridge; and that no estimate of the cost of erection of the proposed bridge had been made by respondents, and no moneys provided to defray the cost of the erection of the bridge.

The relator demurred to the answer, the court overruled the demurrer and entered judgment in favor of the respondents, and dismissed the application for the mandamus. The relator has taken this appeal.

The authority of the county commissioners to erect bridges

is conferred by the Act of June 13, 1836, P. L. 551, and before they are warranted in expending the funds of the county for the purpose, the statutory regulations must be complied with. Section 35 of that act provides: "That the court having jurisdiction as aforesaid shall . . . . order a view . . . . and if, on the report of the viewers, it shall appear to the court, grand jury and commissioners of the county, that such bridge is necessary, and would be too expensive for such township or townships, it shall be entered on record as a county bridge." Section 36 provides: "Whenever a bridge shall be authorized and recorded as a county bridge, it shall be the duty of the commissioners to procure an estimate of the cost thereof, and provide in the county levies the moneys necessary to defray the same, and proceed to have such bridge erected by contract, or otherwise, as shall seem to them expedient." The statutory prerequisites to the authority of the commissioners to build a bridge are: (1) A report of viewers that the bridge is necessary and would be too expensive for the township; (2) that these facts have been made to appear to the court, grand jury and commissioners of the county; and (3) that the bridge has been entered on record as a county bridge. Each one of these several steps is necessary to the validity of the proceeding authorizing the erection of a county bridge. If either has not been taken, the commissioners are not empowered to expend the money of the county in the erection of the bridge.

The bridge, as will be observed, must be approved by the court, the grand jury and the county commissioners. If it lack the approval of either of these bodies, it is fatal to the proceedings and they are insufficient to warrant the erection of the bridge at the expense of the county. As said by SHARSWOOD, J., in Pequea Creek Bridge, 68 Pa. 427: "It is evident that the legislature intended that these three bodies should act as checks upon each other in the unnecessary expenditure of public money in the erection of county bridges. When either of them, therefore, have put their disapprobation on record, the proceeding falls. If it were not so, taxpayers and others interested in opposing a county bridge might be kept dancing attendance upon the court from sessions to sessions until some one grand jury may be induced to approve it."

There is another prerequisite to the validity of the proceed-

ings for a county bridge, and that is that it "be entered on record as a county bridge." The proper practice, in conforming to this statutory provision, as pointed out in Pittsburg and Lake Erie Railroad Co. v. Lawrence County, 198 Pa. 1, is for the commissioners to pass a resolution formally expressing their concurrence in the view that the bridge is necessary and too expensive for the township, and to file a copy of such resolution in the quarter sessions, the record of which will then show a complete proceeding carrying authority to build. The bridge will then, in the language of the thirty-sixth section of the act, "be authorized and recorded as a county bridge," and it is the duty of the commissioners to provide the necessary funds and proceed to erect it.

Turning to the facts of this case it will be seen that the proceedings are fatally defective and that the learned judge was clearly right in refusing the mandamus. The relator demurred to the answer and, therefore, all the material facts, well pleaded in the answer, must be taken to be true. Among other averments in the answer is : "Nor has the said bridge been entered of record as a county bridge." This averment is admitted to be true by the pleadings and is, therefore, a complete answer by the commissioners to the demand of the relator for the erection of the bridge. If, however, we go beyond the technical rules of pleading, it appears that the relator has failed to establish the prerequisite fact to the validity of the proceeding that the bridge was entered on record as a county bridge. He avers in his petition for the writ that "the report was approved by the grand jury of Cumberland County and entered on the records of Cumberland County as a county bridge." The answer, as we have seen, specifically denies this averment and there is no proof whatever adduced by the relator to sustain the allegation of his petition. His averment, therefore, that the bridge was entered of record is unsustained by any evidence and necessarily falls.

The learned counsel for the relator argues that the answer filed by the commissioners to the rule to show cause why the width of the bridge should not be reduced, in which they set forth that they had advertised for proposals to build the bridge, is a fulfillment of the requirements of the thirty-fifth section of the act of 1836 which provides that the bridge shall

be entered of record. This is indeed a singular argument. The entry of the bridge on the record as a county bridge is a matter entirely different from the action required to be taken subsequently in advertising for proposals to erect the bridge. The law requires the performance of both of these duties as prerequisites to the erection of the bridge, and if either is not performed, the proceedings are not complete. To give validity to the proceedings, they must be approved by the court, the grand jury and the commissioners, and this fact must be entered upon the records of the court of quarter sessions, in which court the proceedings are required to be taken. The record then would have been complete and the county commissioners could have been compelled by mandamus to erect the bridge. As disclosed by this record, however, the proceedings are incomplete, and the statutory prerequisite requiring the bridge to be recorded is wanting and hence the commissioners cannot be compelled to provide the money and erect the bridge.

It is unnecessary to discuss or determine the authority of the court to reduce the width of the bridge, as was done in this case. The relator takes the position that the court was without power to do so. He, therefore, does not rely upon the proceedings reducing its width as conferring a right to demand the erection of the bridge. The proceedings subsequent to the confirmation of the twenty-foot bridge also are open to the objection that the county commissioners have never approved nor entered of record the sixteen-foot bridge. The relator, therefore, must rely upon the original proceedings as establishing a complete record authorizing the commissioners to erect the bridge. As we have seen, they are fatally defective and give the relator no standing to demand that the commissioners expend the money of the county in the erection of this bridge over Conodoguinet creek.

The decree of the court below overruling the demurrer and refusing the mandamus is affirmed.