# Downey Brothers *v.* Pennsylvania Railroad Company, Appellant.

*Railroad companies—Change of grade—Waters—Damages.*

In an action against a railroad company to recover damages for injuries resulting from water by reason of an alleged illegal change of grade of a street in front of plaintiff's premises, where the pleadings show that the plaintiff's claim is for injuries of a temporary nature, or to personal property, the plaintiff may recover for such injuries as were suffered subsequent to his acquisition of title, even though the act causing them had occurred before that date.

In such a case it is proper to limit the jury in the amount of their verdict to such a sum, as would, if properly expended, have prevented the water from flowing into the property; and it is not error in making this conditional upon the finding by the jury that the plans suggested, or some of them, should be effective.

*Evidence—Witness—Estimate by witness—Change of grade.*

Where a witness testifies that he has actually seen the work of changing the grade of a street carried out, he may give an estimate as near as he can tell of the height of the change of grade, although he had not made an actual measurement.

*Appeals—Assignments of error—Evidence—Place where evidence is printed.*

An assignment of error to the exclusion of evidence will not be considered, where the assignment does not refer to the place where the matter referred to, appears in its regular order in the printed evidence as required by rule 31.

Argued May 20, 1907.    Appeal, No. 182, Jan. T., 1906, by defendant, from judgment of C. P. Lancaster Co., Aug. T., 1902, No. 93, on verdict for plaintiffs in case of Downey Bros. Spoke and Bending Company, Incorporated, v. The Pennsylvania Railroad Company.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Trespass to recover damages for injuries to land, resulting from change of grade of a street.

The opinion of the Supreme Court states the case.

When Charles W. Bitner, a witness for the plaintiff, was on the stand, he was asked this question ;

"Q. In front of the Downey property, as nearly as you can tell, how much did they raise the track, how many inches?"

Objected to by the defendant, unless he measured it.

The Court: The witness may answer if he knows.

"A. I couldn't say to a certainty. I never measured it."

"Q. Give us your best judgment."

Objected to by defendant.

The Court: He may answer that.

Defendant excepts. Bill of exceptions signed and sealed. [4]

"Q. As nearly as you can tell. A. Possibly eight or nine inches I would suppose, as near as I can tell."

Defendant presented the following points:

1. As the plaintiff in this case is seeking to recover damages alleged to have been caused by water flowing from North Mulberry street into its property, it cannot recover unless the injuries were caused by some act of the defendant occurring after April 19, 1901, the date of the incorporation of the plaintiff, prior to which time the plaintiff had no existence. *Answer:* This point is affirmed, if it means that the injuries were suffered after April 19, 1901. If it means that the act of the defendant must have occurred after April 19, 1901, to entitle plaintiff to recover, then we refuse the point. [1]

3. As the plaintiff in this case is seeking to recover damages, alleged to have been caused by water flowing into its property from North Mulberry street, it is not entitled to recover more than such sum as would have enabled it to prevent the water from flowing into its property. *Answer:* This point is affirmed, if you believe that the plans proposed, or one of them, would have protected the property, or prevented the injury complained of, and then it would only be the measure of damages for such injuries as the adoption of one of these plans would have prevented. [2]

4. If the plaintiff was damaged by reason of the raising of the railroad tracks on North Mulberry street, it was the duty of the plaintiff, after its incorporation, to do all in its power to lessen such injury, and prevent any damages caused by reason of such raising, and is only entitled to such sum as would prevent water from flowing in from North Mulberry street. *Answer:* This point we affirm, if you believe this could have been

done and the cost would have been less than the injuries sustained. [3]

Verdict and judgment for plaintiff for $2,274.21.  Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them ; (4) ruling on evidence, quoting the bill of exceptions.

*H. M. North*, with him *H. M. North, Jr.*, for appellant.

*W. U. Hensel*, with him *W. R. Brinton*, for appellee.

OPINION BY MR. JUSTICE POTTER, June 25, 1907 :

The plaintiff corporation, as the owner and occupant of certain real estate in the city of Lancaster, situated on the east side of North Mulberry street, sought in this action to recover damages from the defendant company, for injuries resulting from an unauthorized and illegal change of the grade of its railway tracks upon the street in front of the plaintiff's premises.   The statement of claim is not very clear, in this respect, but we understand it to be for temporary injuries, although it does include interference with access to the premises, which would seem to be of a permanent nature.   However, the interference with the access is alleged to be for certain specified months, and for a period subsequent thereto, and the language of the statement as a whole seems to indicate that the claim is for injuries of a temporary nature, or to personal property. If the injuries were of a permanent nature, and were caused by an act of defendant company, committed before the plaintiff acquired title to the property, the right to recover for the permanent injuries would belong to the former owner.   This question was not argued, and it only arises incidentally in connection with the first assignment of error, in which complaint is made of the answer to defendant's first point.   In this, the court was asked to charge that plaintiff could not recover unless the injuries were caused by some act of the defendant occurring after April 19, 1901, the date of the incorporation of the plaintiff.   As a matter of fact, April 19 was not the date of the incorporation, but it was the date of the deed.

The point was not accurately framed in that it made no dis-

tinction between the act of the defendant, and the injurious consequences resulting from the act. It did not follow that the injuries resulting from the overflow of water, especially those to the personal property, would be felt immediately. The court affirmed the point as presented by counsel for defendant, upon the assumption that it meant that the injuries were suffered after April 19, even though the act causing them had occurred before that date. This was correct as regarded injuries of a temporary nature or those to personal property. Damages to land are a personal claim to the owner at the time the injury occurs. They do not run with the land, or pass by deed: McFadden v. Johnson, 72 Pa. 335; Warrell v. Wheeling, etc., R. R. Co., 130 Pa. 600. But, as we have already said, the issue in this case seems to have been made up and tried by both sides, upon the theory that the claim was not for injuries of a permanent nature, but was confined to those of a temporary character, and to personal property. Under that assumption, the rights of the defendant were duly guarded by the court.

In affirming the defendant's second point for charge, the trial judge limited the jury expressly to such damages as occurred after the plaintiff acquired the property. So also in answering the third and fourth points, the jury were limited in the amount of the verdict, to such a sum as would if properly expended have prevented the water from flowing into the property. There was no error in making this conditional upon the finding by the jury that the plans suggested, or some one of them, should be effective. If not, they should of course have been ignored. In his general charge, the trial judge instructed the jury at length on the questions raised by the third and fourth points, and substantially as therein requested. We see no merit in the fourth assignment of error. The witness there referred to whose evidence was admitted against objection, testified that he saw the work of raising the tracks being done, and he gave the height as near as he could tell. He gave an estimate only, and it was accepted as such, and it was within the limits fixed by other witnesses who had made accurate measurements.

The fifth and sixth assignments, which are to the exclusion of certain evidence offered by defendant, are bad because

neither of the assignments refers to the place where the matter referred to appears in its regular order in the printed evidence, as required by rule 31. They will not therefore be considered: Cameron v. Traction Co., 216 Pa. 191; Hallock v. Lebanon, 215 Pa. 1.

We see no merit in any of the questions which are raised in this appeal by the assignments of error, and the judgment is affirmed.