# Commonwealth ex rel., Appellants, *v.* Dickey et al.

*Bridges—County bridges—Repair—Mandamus—Estoppel.*

In mandamus proceedings to compel county commissioners to rebuild a bridge which was destroyed by a flood, where the defense was that the bridge destroyed was not a county bridge, but where it clearly appeared that in 1856, the county commissioners after proper proceedings had erected a bridge at the point where the bridge was destroyed and had paid for the same out of the county rates and levies; that said bridge had been washed away by a flood in 1893 and another bridge had been erected by the county commissioners in its place, the latter being the bridge which had recently been destroyed, the fact that a record was missing which would conclusively show such bridge to be a county bridge was not material and the mandamus should have been awarded as prayed for.

Argued March 18, 1918. Appeal, No. 203, Jan. T., 1917, by plaintiffs, from order of C. P. Clinton Co., Oct. T., 1916, No. 77, refusing mandamus in case of Commonwealth of Pennsylvania ex relatione H. M. Counsil, District Attorney, v. Adam Dickey, James L. Kemmerer, and Robert Myers, Commissioners of Clinton County. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Reversed.

Petition for mandamus. Before HALL, P. J.
The opinion of the Supreme Court states the facts.

The court refused the mandamus.    Plaintiffs appealed.

*Error assigned* was the order of the court.

*William H. Keller,* First Deputy Attorney General, with him *Henry Hipple* and *Francis Shunk Brown,* Attorney General, for appellant.

*H. S. Furst,* for appellees.

OPINION BY MR. CHIEF JUSTICE BROWN, July 17, 1918:

This appeal is from the refusal of a writ of mandamus to compel the commissioners of Clinton County to rebuild a bridge which was swept away by a flood in 1913. The writ was denied because the court below was of opinion that the structure so destroyed was not a county bridge, and the appellees were, therefore, under no duty to rebuild it. The original construction of a county bridge is regulated by statute, and a county cannot be required to build it unless all statutory provisions are complied with: Railroad Company v. Lawrence County, 198 Pa. 1; Commonwealth v. Baker, 212 Pa. 230; Commonwealth v. Bowman, 218 Pa. 330. The prerequisites to the authority of county commissioners to build a bridge are: (1) A report of viewers that the bridge is necessary and would be too expensive for the township; (2) that these facts have been made to appear to the court, grand jury and commissioners of the county; and (3) that the bridge has been entered on record as a county bridge. The question before the court below was not as to the duty of the county commissioners to build a bridge in the first instance, but as to their duty to rebuild what the relator avers had been a county bridge, originally constructed and subsequently maintained by the county under a statutory duty to do so.

From the admitted facts in this case there is a conclusive presumption that the destroyed bridge was a county bridge, and we proceed to state them: In 1856

the commissioners of Clinton County presented their petition to its Court of Quarter Sessions, setting forth that, as it had appeared to the said court, to the grand jury of the county and to the petitioners that a bridge over Chatham run, at the point where the bridge involved in this proceeding was built, was necessary, and that its erection would be too expensive for the township in which it was located, the same had been entered of record and the petitioners had procured an estimate, as nearly as might be possible, of the money needed to erect such bridge, amounting to the sum of $1,772.44, which sum they had provided out of the county rates and levies, and had proceeded to have the bridge erected by entering into a contract with certain contractors for the building of the same; that the bridge was completed and the contractors had in every respect fulfilled their contract, and the prayer of the petition was for the appointment of persons to inspect the said bridge, the working thereof, and make report accordingly. The language of this petition followed strictly the words of the Act of June 13, 1836, P. L. 551, relating to the erection of county bridges, and averred affirmatively that everything required by the statute in imposing upon the county the duty of constructing the bridge had been complied with. But the admitted facts go still further. In 1893 the county commissioners presented a petition to the Court of Quarter Sessions, setting forth that the "county bridge" which had been erected by their predecessors over Chatham run had been washed away by a flood; that they had entered into a contract for the erection of another in its place, and that the contractors had rebuilt the bridge. The prayer of the petition was for the appointment of viewers to inspect the same and make report to the court. From the foregoing facts the conclusive presumption is that the bridge over Chatham run was a county bridge more than sixty years ago, and the present county authorities are estopped from saying that it ought not to be regarded as such merely because a record is missing which it was the

duty of their predecessors to preserve. Such record evidently was kept, for the petition presented to the court in 1856 avers that the bridge "was entered of record," and the present county commissioners, in their effort to impose upon the State the duty of rebuilding the bridge, are not to be permitted to take advantage of the failure of some former board of county commissioners to preserve this record of sixty years ago. If it had been preserved, the presumption is it would show that the county commissioners of 1856 had done everything required of them as public officials by the County Bridge Act of 1836, for omnia præsumuntur rite esse acta: Vernon Township et al. v. United Natural Gas Company, 256 Pa. 435.

Though the bridge which the appellees refuse to rebuild is on a State route, the duty of building and maintaining a bridge there, which has rested on the county for more than sixty years, still continues: Commonwealth ex rel. v. Bird, 253 Pa. 364, and Commonwealth ex rel. Attorney General v. Gross et al., January Term, 1917, No. 340, 261 Pa. 476.

The order of the court dismissing the petition for a mandamus is reversed, and the record is remitted with direction that the writ be issued as prayed for.