# Union County *v.* Northumberland County, Appellant.

*Bridges—County bridges—Inter-county bridges—Cost of construction—Acts of June 13, 1836, P. L. 551; June 8, 1881, P. L. 67; June 16, 1891, P. L. 305; May 6, 1897, P. L. 46; May 13, 1901, P. L. 191; July 9, 1901, P. L. 620; June 20, 1911, P. L. 1084—Constitutional law—Title of act—Reconstructing bridges—Repair job.*

1. Where an inter-county bridge is reconstructed either under the Act of June 13, 1836, P. L. 551, as amended by the Act of June 20, 1911, P. L. 1084, relating to established inter-county bridges, or under the Acts of June 8, 1881, P. L. 67; June 16, 1891, P. L. 305; May 6, 1897, P. L. 46, and May 13, 1901, P. L. 191, relating to destroyed bridges of corporations, the cost of such reconstruction must be borne by the two counties in proportion to their population.

2. The Act of July 9, 1901, P. L. 620, attempting to amend the Act of May 13, 1901, P. L. 191, is unconstitutional in so far as it purports to impose upon the Commonwealth one-half of the expense of reconstruction of bridges, inasmuch as no such purpose is disclosed in its title.

3. The objection that an inter-county bridge reconstructed by two counties was not recorded as a county bridge in one of the counties, comes too late after such county joined in such reconstruction and in the maintenance thereof as an inter-county bridge for thirty years.

4. Query, whether a recommendation of viewers in reporting favorably on the reconstruction of an inter-county bridge that certain work of the old bridge shall be retained, renders the improvement a repair job and not a reconstruction.

*Practice, C. P.—Case-stated—Question not raised.*

5. A question not found in a case-stated nor raised in the lower court, will not be considered on appeal.

Argued May 13, 1924.    Appeal, No. 96, Jan. T., 1924, by defendant, from judgment of C. P. Union Co., May T., 1923, No. 61, for plaintiff on case-stated in suit of Union County v. Northumberland County.    Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Case-stated.   Before POTTER, P. J.

The case-stated, on which this action was heard and decided by the lower court, is as follows:

"And now, April 21st, 1923, it is hereby agreed by and between J. E. Hubler, J. W. Ruhl and William H. Grover, Commissioners of Union County, and John J. Roach, David Hughes and John O'Gara, Commissioners of Northumberland County, and parties to the above stated action, that the following case be stated for the opinion of the court in the nature of a special verdict:

"First: That during the years 1893 and 1894, pursuant to the provision of the Act of the General Assembly approved the 16th day of June, 1891, P. L. 305, the joint board of County Commissioners of Union and Northumberland Counties constructed a bridge for the accommodation of vehicular and pedestrian traffic across the West Branch of the Susquehanna River between Milton, Northumberland County, and West Milton, Union County, at the joint expense of the said Counties of Union and Northumberland, and since said date have maintained the said bridge at the joint expense of the said counties of Union and Northumberland.

"Second: That by proceedings duly had in the Court of Quarter Sessions in Union County to No. 1, May Sessions, 1922, and by like proceedings had in the Court of Quarter Sessions of Northumberland County to No. ——, May Sessions, 1922, viewers were duly appointed by the said Court of Quarter Sessions of Union County and the said Court of Quarter Sessions of Northumberland County upon the petition alleging that the said bridge had gone into dilapidation and decay, was unsafe to public traffic, dangerous to life and should be reconstructed and rebuilt by the joint counties of Union and Northumberland. An exemplified record of the proceedings had in the Court of Quarter Sessions of Union County is hereto annexed and marked exhibit "A"; and an exemplified record of the proceedings had in the

Court of Quarter Sessions of Northumberland is hereto annexed and marked exhibit "B."

"Three: That, pursuant to said proceedings duly had in the said Court of Quarter Sessions of Union County and in the said Court of Quarter Sessions of Northumberland County, the joint view recommending the rebuilding and reconstruction of the said bridge was duly approved by the grand jury of Union County and the grand jury of Northumberland County and the report approved by the respective courts and concurred in by the commissioners of Union County and the commissioners of Northumberland County.

"Fourth: At a joint meeting of the commissioners of Union County and the commissioners of Northumberland County, held at Lewisburg on the 26th day of January, 1923, it was duly decided by the said joint board of commissioners that a case should be stated for the decision of the court, etc., a copy of which resolution is heretofore annexed and marked exhibit "C."

"If the court shall be of the opinion that, under the existing law, Union County shall be liable and pay for fifty per centum (50%) of the cost of the reconstruction of the said bridge, then judgment shall be entered in favor of the defendant and against the plaintiff; but if the court shall be of the opinion that the cost of reconstruction of the said bridge and the maintenance shall be divided upon a basis in proportion to the population of the respective counties of Union and Northumberland, then judgment shall be entered in favor of the plaintiff and against the defendant. The costs to follow the judgment and both the plaintiff and defendant reserving the right to take an appeal to the Supreme or Superior Courts."

This was duly executed by the commissioners of both counties.

Judgment for plaintiff.   Defendant appealed.

1924.]    Assignment of Error—Opinion of the Court.

*Error assigned* was, inter alia, judgment, quoting it.

*C. M. Clement,* with him *J. A. Welsh,* County Solicitor, for appellant, cited: Carrere v. Schmidt, 278 Pa. 457; Keiser v. Com'rs, 156 Pa. 315; McCune v. Berry, 237 Pa. 572; Brownsville Bridge Case, 39 Pa. C. C. R. 57; Com. v. Fayette County Com'rs, 40 Pa. C. C. R. 7.

*Cloyd Steininger* and *Albert W. Johnson,* for appellee, cited: Broad Street Bridge, 35 Pa. C. C. R. 129.

OPINION BY MR. JUSTICE WALLING, July 8, 1924:

The west branch of the Susquehanna River is the dividing line between Union and Northumberland counties. About 1830 a toll bridge was built extending westerly across the river from Milton in the latter county to what is now West Milton in the former county. This toll bridge continued until it was destroyed by a great flood in 1889; thereupon the rights of its former owners were relinquished to the respective counties. Some four years later, pursuant to the Act of June 8, 1881, P. L. 67, as amended by the Act of June 16, 1891, P. L. 305, the bridge was replaced by a new one built and since maintained as an inter-county bridge at the joint expense of the two countes. In 1922, on petitions of citizens setting forth, inter alia, that the bridge was unsafe and inadequate to meet public requirements and praying that it be replaced by a new bridge, the court of quarter sessions of each county appointed three viewers, who unanimously reported in favor of granting the prayer of the petitoners. This report was approved by the proper courts, the grand juries and the boards of commissioners of the two counties. A question arose, however, as to the lawful division of the expense of the new bridge between the counties; to determine which the case-stated, as appears in the reporter's notes, was submitted for the opinion of the trial court. If liable according to population then Northumberland County

must bear eighty-five per cent and Union County fifteen per cent; otherwise the same must be shared equally. The trial court held the population governed and Northumberland County has appealed.

Appellant's contention would be well founded under the original Act of June 13, 1836, P. L. 551, sections 46 and 47 of which are as follows (P. L. 562) : "Section 46. Bridges over any river, creek or rivulet, being on the line of adjoining counties, shall be authorized in the manner provided in the case of other county bridges, except that the court of quarter sessions of each county shall appoint three of the viewers, and a report as aforesaid, be made to the said courts respectively, and the said courts shall, together with the grand juries and commissioners of the respective counties, in all other respects, have and exercise a concurrent jurisdiction and discretion therein.

"Section 47. Every such bridge shall be constructed by contract with the commissioners of both the said counties; it shall be inspected in the manner aforesaid, by persons appointed by the court of quarter sessions of either of the said counties; it shall be maintained and kept in repair by said commissioners, at the joint and equal charge of both counties, and, if either county shall necessarily incur more than its due proportion of such charge, it shall be lawful for such county to recover from the other county the excess so incurred, in an action to be founded on this act." But the Act of June 20, 1911, P. L. 1084, amends section 47 by providing that, "it [the bridge] shall be paid for, maintained, and kept in repair by said commissioners, the cost and expense of which joint construction, maintenance and repair shall be paid by said counties, respectively, in the proportion of the population thereof as ascertained at the last decennial census." The proceeding in the instant case was apparently under the Act of 1836, as supplemented and amended, and, so treating it, the respective counties are liable according to population.

Furthermore, section 1 of the Act of June 8, 1881, P. L. 67, provides: "That the county commissioners of the several counties of this Commonwealth are hereby authorized to take charge of, and rebuild and reconstruct, any bridge that was owned and maintained by corporations, when the same was destroyed by ice or otherwise and abandoned by the owners of said bridge, if, in their judgment, a bridge is necessary for the accommodation of the traveling public; and, where such bridge crosses a stream forming the boundary line between two counties, then the commissioners of the respective counties are hereby authorized to jointly reconstruct and maintain such bridge as a county bridge." This is amended by the Act of June 16, 1891, P. L. 305, by providing for a writ of mandamus to compel the county commissioners to act in such cases. Under the statutes last above quoted the bridge here in question was reconstructed by the county commissioners as an inter-county bridge in 1893. The Act of May 6, 1897, P. L. 46, authorizes the commissioners of the respective counties to reconstruct, as an inter-county bridge, one that has been destroyed under circumstances similar to those embraced in the Act of 1881, with the provision that "The said commissioners of the respective counties are hereby authorized to take charge of and rebuild and maintain jointly such bridge as a county bridge, and the costs and expenses of such joint construction shall be paid by the said counties, respectively, in the proportion of the population thereof as ascertained at the last census." The Act of 1897 was amended by the Act of May 13, 1901, P. L. 191, and the latter reënacts the clause as to payment according to population.

Neither the Act of 1881, 1891, 1897, nor of 1901, authorizes the appointment of viewers, but it will be observed that each of these acts refers to taking over the destroyed bridge of a corporation, etc., and its reconstruction as an inter-county bridge; in which case the proper proceeding is by the county commissioners under

these acts and not by a view under the Act of 1836: McCune v. Berry, 237 Pa. 572; Brownsville Bridge Case, 39 Pa. C. C. R. 57. But the present case is the reconstruction of an established inter-county bridge in which the Act of 1836 and its supplements would seem to be applicable. See Carrere et al. v. Schmidt, 278 Pa. 457. However, the only question the case-stated calls upon the courts to decide is as to each county's proper share of the expense and, as appears by the statutes above quoted, that is the same whichever method is pursued.

The Act of July 9, 1901, P. L. 620, attempting to amend the Act of May 13, 1901, P. L. 191, is called to our attention, but that act is unconstitutional in so far as it purports to impose upon the Commonwealth one-half of the expense of the reconstruction of bridges, and to give the board of property of the Commonwealth charge jointly with the county commissioners of such reconstruction, as no such purpose is disclosed in the title of the act. In 1903 its invalidity was demonstrated by the Court of Common Pleas of Dauphin County, in Com. ex rel. Cummings v. Attorney General, 30 Pa. C. C. R. 53, and it has never been treated as a valid enactment.

The petition asked for, and the viewers reported in favor of, a new bridge, but recommended that in its construction certain masonry and the frame-work of perhaps one span of the present bridge be retained. This appellant contends renders the proposed improvement a repair job and not a reconstruction. We are not prepared to adopt such contention, but it is unnecessary to pass upon that question as it is not found in the case-stated, nor was it raised in the lower court. As to the latter objection see Saxman v. McCormick, 278 Pa. 268, 273, and cases there cited. Under the circumstances we are not called upon to decide what, if any, effect the county commissioners are bound to give that recommendation of the viewers.

Appellant calls attention to the fact that the bridge in question was never formally recorded as a county bridge in Northumberland County. This would have been a valid objection if interposed before the bridge was reconstructed in 1893 (Com. ex rel. v. Bowman, 218 Pa. 330; R. R. Co. v. Lawrence County, 198 Pa. 1), but comes too late, after that county joined in such reconstruction and in the maintenance thereof as an inter-county bridge for thirty years. See Com. ex rel. v. Dickey et al., 262 Pa. 121; The Valley Rys. v. The City of Harrisburg, 280 Pa. 383; Myers et al. v. Com. ex rel. Zook et al. (Pa.), 17 W. N. C. 9; Donnelly v. County of Luzerne, 9 Kulp 271. Moreover, no such question appears in the case stated and, in 1893, this same bridge was in effect held an inter-county bridge in Keiser v. Commissioners, 156 Pa. 315.

The assignments of error are overruled and the judgment is affirmed.