# Pfeffer et al. *v.* Johnstown, Appellant.

*Road law—Change of grade—Statute of limitations.*

1. The statute of limitations does not begin to run against a claim for damages growing out of the change of grade of a street until the change has been actually made on the ground.

*Appeals—Evidence—Inferences.*

2. In determining whether or not binding instructions should have been given by the court below, all the evidence and inferences therefrom, favorable to the party against whom it is claimed those instructions should have been given, must be taken as true, and all unfavorable to him, if depending solely upon testimony, must be rejected.

*Road law—Change of grade—Evidence—Measurements — Estimates—Case for jury.*

3. Where a witness testifies that he has actually seen the work of changing the grade of a street carried out, he may give an estimate, as near as he can tell, of the height of the change of grade, although he has not made an actual measurement; and this evidence is for the jury's consideration, though contradicted by that of others who claim to have made accurate measurements.

*Evidence—Failure to object to admission of evidence.*

4. Where evidence, bearing on the question at issue, has been admitted without objection, and no motion made to strike it out, it is too late to object to it after the verdict or on appeal.

*Evidence—Physical facts—Application to the issue.*

5. The rule that evidence which contradicts incontrovertible physical facts cannot alone be made a basis for sustaining a verdict, has no relevancy where the testimony of witnesses is needed in order to apply those facts to the issue in the case.

*Appeals—Excessive verdict—New trial.*

6. Where the evidence is sufficient to sustain a recovery far beyond the amount of the judgment appealed from, the Supreme Court will not, save in extreme cases, reverse because of its alleged excessiveness.

*Appeals—New trial—Discretion of court below—Abuse.*

7. Where a case is one which must be submitted to a jury for its determination of the issues involved, the responsibility for granting or refusing a new trial, on the ground of the weight of the evidence, primarily rests on the court below, and its decision will not be reversed by the Supreme Court unless a clear abuse of discretion is made to appear.

*Appeals—Question not raised in lower court.*

8. Questions not raised in the lower court will not be considered on appeal.


Argued October 4, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 55, March T., 1926, by defendant, from judgment of C. P. Cambria Co., March T., 1923, No. 18, on verdict for plaintiffs, in case of Joseph Pfeffer et al. v. City of Johnstown. Affirmed.

Appeal from award of jury of view. Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs for $3,500, on which judgment was entered for $2,750. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Tillman K. Saylor,* with him *Friedjoff D. Tappert,* for appellant.—It appears that the court below is of the opinion that, because no objection or motion had been made to the testimony of the plaintiffs, defendant's contention was of no avail. In this, we believe the court erred: McIntyre v. Pittsburgh, 238 Pa. 524; Lessig v. T. & L. Co., 270 Pa. 299; Horen v. Dir. Gen., 274 Pa. 244; Fuher v. Coal Co., 272 Pa. 14.

Plaintiffs have failed to show that the alleged change of grade on Woodvale Avenue was done by authority of the City of Johnstown, exercised in the manner prescribed by law: Hicks v. Williamsport, 235 Pa. 509; Kittanning Boro. v. Thompson, 211 Pa. 169; Edsall v. Boro., 220 Pa. 591.

The remedy for a perverse verdict is a new trial. The lower court abused its discretion refusing to grant defendant a new trial should plaintiffs accept a modified verdict: Maloy v. Rosenbaum Co., 260 Pa. 466; Ralston v. P. R. T., 267 Pa. 278.

*Harry Doerr,* for appellee.—Defendant evidently thought at the time of the trial that plaintiffs' witnesses knew what they were talking about, as it made no objection to the introduction of this evidence at the time it was offered. If it was not proper, it should have been objected to when it would no doubt have been excluded. But, since this was not done, it was properly considered by the jury: McCullough v. Ry. Assn., 225 Pa. 118; Broadnax v. R. R., 157 Pa. 140; Arons v. Smith, 173 Pa. 630; Paving Co. v. Williamsport, 186 Pa. 256.

It is no doubt true that a city could not be held liable for a change of grade done by another without any authority, but such is not this case. It is undisputed that permission was given to the Southern Cambria Ry. to construct its line along this street and that it did so

under the supervision of the city engineer: Edsall v. Boro., 220 Pa. 591; Hicks v. Williamsport, 235 Pa. 509; Kittanning Borough v. Thompson, 211 Pa. 169.

OPINION BY MR. JUSTICE SIMPSON, November 22, 1926:

Plaintiff recovered against the city a verdict and judgment for a change of grade of the street in front of his property, and defendant appeals.

Three points are covered by the assignments of error: (1) that defendant was entitled to binding instructions in his favor; (2) that a new trial should have been granted; and (3) that the court below erred in not charging the jury, as requested by defendant, that, if the grade was established at a given time, the statute of limitations barred the claim. As to (3), it may be said that the statute does not begin to run when a new grade is established, but when the change of grade of the street is actually made: Jones v. Bangor Borough, 144 Pa. 638; Devlin v. Phila., 206 Pa. 518. The point which was refused in no way referred to this. As to (2), in so far as it relates to the alleged excessiveness of the verdict, it is only necessary to say that there was evidence which would have sustained a recovery of more than twice the amount of the judgment; under such circumstances, save in extreme cases, we do not review the exercise of its discretion by the court below: Clarkson v. Crawford, 285 Pa. 299, 303. In so far as point (2) rests on the allegation that the evidence was insufficient to sustain any verdict, it is but repeating the objection specified in point (1). It follows that our single question is: Was defendant entitled to binding instructions in its favor? In considering this, "all the evidence and inferences therefrom favorable to the party against whom it is claimed these instructions should have been given, must be taken as true, and all unfavorable to him, if depending solely on testimony, must be rejected": Fluke v. Lang, 283 Pa. 54.

Plaintiff's evidence shows that his property faces the street at its lowest point; that when his house was built,

it conformed to the then existing grade; that the city later gave to a passenger railway company occupying the street, the right to construct thereon, opposite plaintiff's property, a switch and turn out, in doing which it raised the grade, between its tracks, about eighteen inches, whereupon the city raised the rest of the street so as to conform to the railway's new grade, and notified plaintiff to lay the curb and pave the sidewalk in front of his property; and that the effect of the change of grade was to leave his property below the level of the street, so that the rain water runs down the street, from each direction, and into the cellar of his house, thereby greatly reducing the value of the property.

The city does not allege that plaintiff would not be entitled to recover if the facts were as stated, but denies that any such facts were properly proved. It says, in the first place, that the extent of the change of grade, if there was any, was not testified to by surveyors or engineers, who alone could accurately determine it, but only by witnesses who had seen the work done, and estimated the extent of the change by what they saw; in one instance, by lying down and aligning the difference with the eye only. In Downey Bros. v. Penna. R. R. Co., 219 Pa. 32, we held that this kind of evidence was admissible, although no actual measurement was made; and, in Corbin v. Haws Refractories Co., 277 Pa. 126, 131, that, though it was "contradicted by others who claimed to have made more accurate measurements, the dispute was [nevertheless] one for the jury." This conclusion is especially applicable to the present case, since, in order to raise the point here, objection should have been made to plaintiff's evidence when it was offered, or a motion later made to strike it out (McCullough v. Ry. Mail Assn., 225 Pa. 118), neither of which was done; and because also the court below carefully instructed the jury regarding the weight to be given to the differing proofs of the two parties, apparently to the satisfaction of appellant, since its counsel remained silent when, at the

end of the charge, the court asked "is there anything else that counsel on either side would have us add or correct?" The case is not one which is controlled by "incontrovertible physical facts," as appellant contends, and hence Lessig v. Reading Transit & Light Co., 270 Pa. 299, and similar cases, do not apply. The records in the city engineer's office are, of course, incontrovertible; but whether the actual grade of the street conformed thereto, at any given time, depended on the testimony of witnesses, which had to be submitted to the jury: Fuher v. Westmoreland Coal Co., 272 Pa. 14.

The city further alleges that even if there was sufficient evidence as to the fact and extent of the change, there was none that the city had formally authorized the making of it. This is true; but the point was not made either in the appeal from the award of the jury of view, or at the trial in the court below, although the petition for the appointment of the jury, and the statement of claim, each specifically averred that the change of grade had been made under the express authority of the city. It cannot be urged for the first time on appeal to this court: Atlas Portland Cement Co. v. American Brick & Clay Co., 280 Pa. 449; Union County v. Northumberland County, 281 Pa. 62.

The evidence, as it appears in cold type, seems to clearly preponderate in favor of defendant, but this alone is not sufficient to compel us to reverse. As the case was presented, it could not have been taken from the jury, and, hence, in the absence of a clear abuse of discretion, which does not appear, the responsibility for granting or refusing a new trial, because of the alleged weight of the evidence, rested on the court below and not on this court: Maloy v. Rosenbaum Co., 260 Pa. 466.

The judgment of the court below is affirmed.