## Toth *v.* Reading Company, Appellant.

Argued October 25, 1927.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Wm. Clarke Mason,* for appellant.

*Joseph P. Gaffney,* and with him *Frederick W. Bauer* and *Martin G. Stine,* for appellee.

Per Curiam, March 2, 1928:

Plaintiff, who was injured, while employed by appellant at hauling interstate freight on a two-wheeled truck used in unloading freight cars, has judgment on a verdict for personal injury in a suit under the federal employers' liability act. Appellant complains that its motions for judgment n. o. v. and for a new trial were refused.

In unloading freight cars standing beside each other on parallel tracks, plaintiff and others trucked freight through the cars (the doors opening opposite each other), a continuous way being made by iron plates extending from door to door. Plaintiff was pulling his truck loaded with a barrel of oil weighing 500 pounds; another employe was in the rear of the truck for the purpose of assisting in the truck movement. Plaintiff's evidence is to the effect that the helper pushed the truck, or let it go when he pushed it, in such way as to cause it to fall on plaintiff and injure him; in other words, that the helper failed in performing his duty with resulting injury. Defendant offered evidence denying plaintiff's account of the accident, but, as plaintiff has the verdict, we must take the evidence which supports the finding of the jury.

Appellant contends that the motion for a new trial should have been granted on the ground (1) that the evidence of negligence was insufficient to go to the jury; (2) that there was error in the instruction on damages; and (3) that the verdict is excessive.

As appears above, we consider the evidence sufficient to go to the jury, and we note that no complaint is made of the manner in which the question was submitted. Nor do we find any error in the measure of damages stated to the jury; the court expressly charged that no allowance could be made for the hernia. Appellant's argument is that the amount of the verdict indicates that the jury disregarded that instruction. The answer to that criticism is in the fol-

362

lowing quotation from the opinion of the learned president judge who tried the case below: "However, if the testimony of the plaintiff is to be believed, and the jury found as a fact that it was true, then the amount of the verdict is not so excessive as to shock the conscience of the court; and it is only in such cases where the verdict is so great as to shock the conscience of the court that it will be disturbed on the ground that it is excessive. The plaintiff testified that he received serious injury. His actual expense, it is true, is very light; but he testified he was out of employment for several months; that he suffered a great deal of pain as a result of the injury, and as a result of this the jury awarded him damages in the sum of two thousand and two dollars. This sum does not seem to be so excessive as to cause the court to reduce it, or to grant a new trial: Cameron v. Townsend, 286 Pa. 393, and the recent case of Pfeffer v. Johnstown, 287 Pa. 370.

Judgment affirmed.