## Scalet v. Bell Telephone Co. of Penna., Appellant.

*Appeals—Evidence—Inferences—Binding instructions — Judgment n. o. v.*

1. In considering whether or not binding instructions should have been given for a litigant, or judgment non obstante veredicto entered in his favor, all the evidence and inferences therefrom, favorable to the opposite party, must be taken as true, and all unfavorable to him, if depending solely on testimony, must be rejected. When these matters are the only ones to be considered, the courts do not inquire whether one party or the other has the weight of the evidence.

*Negligence — Evidence — Physical facts—Admission—Case for jury.*

2. A case must be submitted to the jury, however strong the countervailing evidence may be, unless the testimony relied on to sustain the verdict stands opposed to physical facts admitted, or the evidence thereof is of such a clear, positive, credible, uncon-

tradicted and unimpeachable character as to amount to an admission.

3. The rule that evidence which contradicts established facts of the character stated, cannot alone be made the basis for sustaining a verdict, has no relevancy where the testimony of witnesses is needed in order to apply those facts to the issue in the case.

Argued December 1, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 34 and 35, Jan. T., 1928, by defendant, from judgments of C. P. Northumberland Co., Sept. T., 1926, No. 668, on verdicts for plaintiffs, in case of Mary Scalet, by her father and next friend, Peter Scalet, and Peter Scalet in his own right, v. Bell Telephone Co. of Pennsylvania. Affirmed.

Trespass for personal injuries to minor. Before STROUSS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Mary Scalet for $5,000, and for Peter Scalet for $1,014. Defendant appealed.

*Errors assigned* were refusal to give binding instructions for defendant, and to enter judgment in its favor n. o. v., quoting record.

*C. K. Morganroth,* with him *A. R. Bensinger,* for appellant.—It is well established that the court will not permit the jury to render a verdict on an impossible story: Seiwell v. Hines, 273 Pa. 259; Radziemenski v. R. R., 283 Pa. 182.

Courts are not required to believe that which is contrary to human experience and the laws of nature, or which they judicially know to be incredible: Maue v. Rys., 284 Pa. 599; Lessig v. Transit & Light Co., 270 Pa. 299; Horen v. Director Gen., 274 Pa. 244; Bornscheuer

v. Traction Co., 198 Pa. 332; Rafferty v. Ry., 284 Pa. 555; Fontaine v. Ry., 91 Pa. Superior Ct. 95.

*Fred B. Moser,* with him *John L. Pipa, Jr.,* for appellees.—In the case at bar, no matter what the records made by the officials of the telephone company disclose, the angle at which the pole leaned at any given time must necessarily be shown by the testimony of witnesses, and, therefore, in this case, there are no infallible physical facts upon which accurate and definite mathematical tests can be made and be held to illustrate conclusively that the testimony of the plaintiffs' witnesses cannot possibly be true or correct: Fuher v. Coal Co., 272 Pa. 14; Hartig v. Ice Co., 290 Pa. 21.

The case at bar was for the jury: Rauch v. Smedley, 208 Pa. 175; Simons v. Ry., 254 Pa. 507; Buck v. McKeesport, 227 Pa. 10; Ford v. Dick, 288 Pa. 140.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1928:

In the court below, the minor plaintiff, by her father as next friend, and the father, in his own right, sued to recover for the damages which they alleged they had sustained, and will hereafter sustain, through injuries to the minor, caused by the negligence of defendant; each plaintiff recovered a verdict, judgments were entered thereon, and from them defendant prosecutes these two appeals.

The assignments of error complain only of the refusal to give binding instructions for defendant, and to enter judgment in its favor non obstante veredicto. Under these circumstances all the evidence and inferences therefrom, favorable to plaintiffs, must be taken as true, and all unfavorable to them, if depending solely on testimony, must be rejected: Dunbar v. Preston, 285 Pa. 502. When these matters are the only ones to be considered, the courts do not inquire whether one party or the other has the weight of the evidence. On the questions actually raised by the assignments, the only point

we are asked to decide is, do the verdicts depend for
their support on evidence which is "shown to be un-
true by incontrovertible physical facts, and contrary to
human experience and the laws of nature?" Subject to
a determination thereof, there was, admittedly, suffi-
cient evidence to sustain the verdicts.

Measuring the evidence according to the rule above
stated, we find that, on a dark and rainy night, the
minor plaintiff was riding in an automobile with her
parents and other relatives, along a public highway in
the country, the macadamized portion being 17 or 18
feet wide and the rest an unpaved roadway. When the
automobile was rounding a sharp curve in the road, it
ran into one of the telephone poles of the defendant com-
pany, and the minor plaintiff received the injuries of
which complaint is made. The car was on the macadam-
ized part of the road, and was travelling at a moder-
ate rate of speed. The pole into which it ran was out of
plumb, and for months had hung slantingly over the
road to the peril of all vehicles using it. Four or five
months before the accident, a horse and buggy, the lat-
ter being of the same height as the automobile, while be-
ing carefully driven on the macadamized part of the
highway, ran into the pole and was damaged; and other
vehicles were compelled to go to the far side of the road
in order to avoid like collisions. Shortly after the acci-
dent, defendant took the pole down, because of the
splintering caused by the collision, and substituted an-
other one for it. While it was lying on the ground, a
measurement was made which showed that a mark on
the pole, apparently caused by the top of the automobile
at the time of the accident, was 11½ feet above the
ground line, though the height of the car was but 6½
feet. Perhaps it should also be added, that, though a
number of defendant's employees were at the place of
the accident shortly after it occurred, none of them tes-
tified to car tracks in the dirt part of the road, as prob-
ably would have appeared, if defendant's contention was

correct that the car must have been off the macadam when it struck the pole.

The incontrovertible physical facts which defendant alleges determine that the automobile could not have been on the macadam and struck the pole, are these: A witness for plaintiffs said that, when he drove over the road some time previously, he noticed the pole was planted in the ground about 3½ feet from the macadam, and he judged the overhang at the top would probably be some 3 to 5 feet from the edge of the macadam. This was the extent of plaintiff's evidence on these two points, and it did not give the height of the pole at all. Testimony was introduced by defendant, however, regarding its height, and then,—by making two incorrect assumptions, (1) that it was not liable for its negligence, if the automobile, at the time of the accident, was travelling on the unpaved part of the road (where it had a legal right to be), and (2) that defendant's testimony as to the height of the pole must be accepted as true, despite the fact that the jury, on ample evidence, found otherwise, and, by applying the rule that the square of the hypothenuse of a right-angle triangle is equal to the sum of the squares of the two other sides,— claims to have arithmetically determined that the pole could not have leaned over the road sufficiently to enable the automobile to strike it, if that vehicle was on the macadam when the accident happened. If the figures as to the location of the base of the pole and the extent of the overhang were exact, and defendant's statement as to the height of the pole had to be accepted as accurate, despite the evidence and finding to the contrary, its arithmetic could not be successfully challenged, though even then it might still be liable for the accident. As the matter is, however, the calculation, for want of unimpeachable data on which to base it, does not conclusively establish that plaintiff's evidence regarding the accident cannot be true, and hence the only reason for these appeals wholly fails. Moreover, if we

assume, as we must, that a collision took place between the top of the automobile (6½ feet high), and the pole, at a point 11½ feet from the ground line, and the base of the pole was 3½ feet from the macadam, the mathematical rule upon which defendant relies, determines that, for a width of 5½ feet across the macadam, the pole was low enough to be struck by the car.

But a brief reference need be made to the applicable authorities. In Fuher v. Westmoreland Coal Co., 272 Pa. 14, 17, we said that a case must be submitted to the jury, however strong the counter-vailing evidence may be, unless the "testimony [relied on to sustain the verdict] stands opposed to physical facts admitted, or the evidence thereof is of such a conclusive and unimpeachable nature as to amount to an admission." In Pfeffer v. Johnstown, 287 Pa. 370, we held that "The rule that evidence which contradicts incontrovertible facts cannot alone be made a basis for sustaining a verdict, has no relevancy where the testimony of witnesses is needed [as it was here] in order to apply those facts to the issue in the case." And in Hartig v. American Ice Co., 290 Pa. 21, we said that the testimony, relied on to establish the rule contended for, must be "clear, positive, credible, uncontradicted and indisputable." In this case, the basic testimony does not meet any of these requirements.

The judgments of the court below are affirmed.