Snyder et al. *v.* Penn Liberty Refining Co.,
Appellant.

Argued October 7, 1930.   Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*Robert D. Dalzell,* of *Dalzell, Dalzell & McFall,* for appellant.—A court cannot consider as a question of fact for a jury a statement of a plaintiff as to the happening of the accident, which from the undenied testimony could not have possibly been true: Seiwell v. Hines, 273 Pa. 259; Horen v. Davis, 274 Pa. 244; Lessig v. Transit & Light Co., 270 Pa. 299, 302; Hill v. P. R. T. Co., 271 Pa. 232, 235; Maue v. Ry., 284 Pa. 599; Mack v. Gypsum Co., 288 Pa. 9.

*John Duggan, Jr.,* with him *Levy, Crone & Berger,* for appellees.—Appellants attempted to invoke what may be termed the rule of "incontrovertible physical facts," but a brief examination readily discloses this case furnishes no field for the operation of that principle.

At most defendant's argument is but an attempt to substitute a theory as against facts actually proved: Lessig v. Transit & Light Co., 270 Pa. 299; Bernstein v. R. R., 252 Pa. 581; Goodman v. Schmidt, 295 Pa. 523.

Robb v. Cab Co., 283 Pa. 454, is quite similar to this case.

OPINION BY MR. JUSTICE KEPHART, November 24, 1930:

This is an appeal by defendant from a refusal to grant a judgment n. o. v. Anthony Snyder, a minor, nineteen years old, was injured as a result of being struck by a motor truck of appellant. Snyder was a helper on Gimbel's delivery wagon which was delivering a roll of linoleum to the O'Brien home. The wagon had stopped, close to the curb, on the side of the street opposite the O'Brien home. The street has two car tracks with a six-foot space between, and between the outside rails and the curbs there is sufficient distance to permit the pas-

sage of automobiles. Snyder, taking the roll of linoleum from the rear of the wagon, placed it on his shoulder and started across the street toward the O'Brien home. The street was clear of traffic at the time, except for defendant's truck which he observed about two or three hundred feet away coming toward him with one wheel in the six foot space. As he proceeded to cross, the linoleum was suddenly struck and he was knocked to the ground unconscious. The testimony is conflicting as to his exact location when struck. Plaintiff's evidence shows that he was between the rail and the curbstone nearest the O'Brien home, or, as Mrs. O'Brien testifies, "he was about in the middle of the second car track, almost going off the car track." This is supported by the testimony of the driver of the delivery wagon; the variation in their stories is slight. However, Snyder was found lying about the middle of the street.

Appellant relies on what may be termed the "incontrovertible physical facts-rule," to prevent recovery of damages. A court will not accept as true that which is shown to be untrue by incontrovertible physical facts, but instead will take judicial notice of the results arising from such facts: Lessig v. Reading Transit & Light Co., 270 Pa. 299, 302; Horen v. Davis, 274 Pa. 244, 250; Maue v. Pittsburgh Rys. Co., 284 Pa. 599, 603, 604. "It is vain for a man to say his auto was struck in the back when the injury thereto is at the side near the front wheel, or to insist the collision was at one place when the broken glass and other unmistakable evidences thereof are at another": Lessig v. Reading Transit & Light Co., supra; see Hill v. P. R. T. Co., 271 Pa. 232; Horen v. Davis, supra; Maue v. Pittsburgh Rys. Co., supra. See also Mack v. U. S. Gypsum Co., 288 Pa. 9. As was said in Bernstein v. P. R. R. Co., 252 Pa. 581, 587, "there can be no presumption as against facts that are [indisputably] proven." However, the position of a moving object that causes the injury, as shown by certain evidence, cannot be called an "incontrovertible physical

fact" when other evidence or inferences therefrom show the position of the object to be elsewhere at the time of the accident.

Appellant's theory is that Snyder had taken but a few steps out from behind the delivery wagon when he was struck, and that the physical facts show this to be so. The location of the delivery wagon between the curb and the rail farthest from Mrs. O'Brien's house is admitted; the linoleum was nine feet in length, and on his shoulder would take up the space between the point where the delivery wagon was standing and the set of rails nearest the O'Brien house. It is claimed that as defendant's truck was traveling in the center of the street at the time of the accident, and the boy was found on the car tracks nearest the delivery wagon, it was impossible for him to have been in the set of rails nearest the O'Brien house when struck, where plaintiff's evidence places him. It is argued he must have stepped out from behind the delivery wagon, having taken but a few steps, when struck. But the fact, and the important one, in the chain of so-called physical facts is that defendant's truck was in the center of the street at the time of the accident. This must be an undisputed fact; whereas the contrary appears. The inference, fairly deducible from the evidence, is that the truck turned from the center, in an effort to avoid the boy, coming close to the curb, striking the linoleum in front. This would account for the boy's position after being struck. There was other evidence in the case conflicting with the defendant's as to where the truck was. The verdict being for plaintiff, all inferences from the evidence favorable to him must be taken as true, and all unfavorable, depending solely on oral testimony, must be rejected (Wiles v. Emerson-Brantingham Co., 267 Pa. 47; Keck v. Pgh., Harmony, Butler and N. C. Ry. Co., 271 Pa. 479, 482; Hunter v. Pope, 289 Pa. 560, 562), unless there is presented a clear case of exoneration from liability through incontrovertible physical facts.

The inference which is fairly deducible from the testimony, therefore, is that defendant's truck swung out of the center of the street, and struck the front end of the linoleum while trying to pass between the curb nearest the O'Brien house and the boy.

Therefore, since the truck was a moving object, and its position at the time of the accident cannot be fixed as an incontrovertible physical fact, it being disputed by the evidence and inferences therefrom, appellant's theory falls.

The judgment is affirmed.