## Schaeffer *v.* Reading Transit Co., Appellant.

221

Argued December 1, 1930. Before FRAZER, C. J.,
WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and
MAXEY, JJ.

*Harold B. Beitler,* for appellant.—Plaintiff was guilty
of contributory negligence: Folger v. Rys., 291 Pa. 205;
Horen v. Davis, 274 Pa. 244; Evans v. Rys., 283 Pa. 180;
Lits v. Transit Co., 97 Pa. Superior Ct. 344; Smith v.
Transit Co., 296 Pa. 212; Ehrisman v. Ry., 150 Pa. 180.

*Allen Spangler,* for appellee.—Defendant was negli-
gent: Kuhns v. Traction Co., 290 Pa. 303; McMahon v.
Transit Co., 280 Pa. 199; Knobeloch v. Ry., 266 Pa. 140;
Natvig v. Transit Co., 293 Pa. 355; Wagner v. Transit
Co., 252 Pa. 354; Schoepp v. Gerety, 263 Pa. 538.

Plaintiff was not negligent: Knobeloch v. Ry., 266 Pa. 140; Emmelt v. Transit Co., 89 Pa. Superior Ct. 417; Clifford v. Transit Co., 269 Pa. 304; Callahan v. Traction Co., 184 Pa. 425; Patterson v. Rys., 260 Pa. 214; Lyons v. Ry., 75 Pa. Superior Ct. 300.

OPINION BY MR. JUSTICE KEPHART, January 5, 1931:

Appellee while driving a Ford delivery truck on Lancaster Pike, near Reading, was struck by appellant's car and seriously injured. The highway and trolley line parallel each other, being about two feet apart. Appellee was turning into a road intersection to his right at the time of the collision. This was a regular stopping place for appellant's cars, a "car stop" sign being on a pole at appellee's left as he turned across the track. It was a clear day and the view was unobstructed. As appellee approached the intersection in his automobile, he saw the trolley car about 250 feet away, coming towards him at about 35 miles an hour. When he started to turn into the road across the track his car was running from two to five miles an hour, and appellant's car was 150 feet away, traveling fast. It struck him as he got directly on the tracks, carrying his truck 85 feet down the track before stopping. Judgment having been entered for plaintiff, defendant appeals.

Appellant contends that it was not negligent. It is the duty of a motorman to approach a public crossing on the outskirts of a large city with his car under proper control, especially when such crossing is a regular stopping place for passengers. He should have reduced his speed when he saw that appellee was attempting to cross. Neither of these was done. Appellant's car approached the crossing and continued into it at a high rate of speed and did not stop after the collision until it had carried appellee's truck down the track a distance of 85 feet, tearing up ground on both sides thereof. That the car was running on the company's private right-of-way and not on the public highway, did not

lessen the duty of the motorman on approaching a highway crossing. He should have had his car under such control as the circumstances seemed to require: Knobeloch v. Pgh., etc., Ry. Co., 266 Pa. 140, 144; Kuhns v. Conestoga Traction Co., 290 Pa. 303, 307, 308. It seems clear there was evidence from which the jury could find defendant's negligence.

Appellant further claims appellee was guilty of contributory negligence. The latter's duty was to approach the intersection with his car under control in order to guard against injury from a trolley car approaching at a reasonable speed and under proper control. Appellee was not under any duty to anticipate appellant's negligence: Weiss v. Pittsburgh Ry. Co., 301 Pa. 539, and cases there cited; Shields v. P. R. T. Co., 261 Pa. 422; Emmelt v. P. R. T. Co., 89 Pa. Superior Ct. 417, 419. The jury might well have concluded there was ample time for appellee to have cleared the track if reasonable care had been exercised by the motorman in approaching the crossing.

Had appellant used reasonable care in approaching the crossing when he saw appellee turn his truck to cross the track, thus entering the path of the car, he could have slowed down so as to permit him to cross. Appellee arrived at the crossing first; the car was 250 feet away, and he had reason to believe he had time to cross. Appellee's contributory negligence was properly for the jury.

Appellant insists that the "incontrovertible physical facts" rule must govern this case. It attempts to invoke this rule to show that the trolley car was not 250 feet away when appellee turned in. We said, in Snyder v. Penn Liberty Refining Co., 302 Pa. 320, "The position of a moving object that causes the injury, as shown by certain evidence, cannot be called an 'incontrovertible physical fact' when other evidence......shows the position of the object to be elsewhere at the time of the accident." The facts which appellant contends are fixed are only

estimates. Appellee may have been going faster than he thought or appellant may have been going slower. Moreover, appellant fails to work into the mathematical test its duty to reduce its speed when appellee went on the tracks. The "incontrovertible physical facts" rule has no application.

Judgment of the court below is affirmed.

Mr. Justice SCHAFFER dissented.