Hegarty et ux. *v.* Berger, Appellant.

Argued April 21, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Fletcher W. Stites,* with him *Henry A. Frye,* for appellant.—Where the sworn testimony of witnesses has fixed the facts of an automobile accident in a suit brought in one court, a second court should enter judgment n. o. v. in another suit where it appears that a verdict has been rendered upon the altered testimony of the same witnesses.

Where it appears from the admitted facts that it was a physical impossibility for an accident to have happened in the manner described by plaintiff's witnesses, the court below should have entered judgment n. o. v.: Lessig v. Transit & Light Co., 270 Pa. 299, 302, 304; Folger v. Rys., 291 Pa. 205, 210; Haskins v. R. R., 293 Pa. 537, 540; Maue v. Rys., 284 Pa. 599; Rhodes v. R. R., 298 Pa. 101, 107; Miller v. R. R., 299 Pa. 63, 67.

Where the evidence of plaintiffs to convict a defendant of negligence is built upon the testimony of two witnesses whose statements are contradictory, while the evidence of the defendant consists of comprehensive and unequivocal testimony of eight eyewitnesses, a new trial should be ordered where a verdict has been found against such a defendant.

*Charles F. Kelley,* for appellees.—Defendant was negligent: McNulty v. Horne Co., 298 Pa. 244; Weber v. Greenebaum, 270 Pa. 382; Hugo v. R. R., 238 Pa. 594; Thomas v. R. R., 275 Pa. 579; Scalet v. Tel. Co., 291 Pa. 451.

The rule as to incontrovertible physical facts does not apply to the facts in this case: Snyder v. Penn Liberty

Ref. Co., 302 Pa. 320; Schaeffer v. Transit Co., 302 Pa. 220; Peruzzi v. R. R., 99 Pa. Superior Ct. 519.

Where a case is fairly tried without any errors appearing on the record, a verdict, rendered on the conflicting evidence of witnesses whose credibility is within the province of the jury, is conclusive and will not be reviewed on appeal: Kelly v. Traction Co., 204 Pa. 623; Douds v. Traction Co., 51 Pa. Superior Ct. 24; Anderson v. Rys., 251 Pa. 517; Van v. Richmond, 259 Pa. 300; Baumgartner v. R. R., 292 Pa. 106.

OPINION BY MR. JUSTICE WALLING, May 25, 1931:

On the evening of September 3, 1926, as Thomas J. Rimmer was driving his Ford car west in Haverford Street, Philadelphia, it came in contact with the Buick car of the defendant, Edna F. Berger, headed north in Thirty-eighth Street. It is a right-angle intersection and as a result of the impact the course of the Rimmer car was deflected northerly against the north curb of Haverford Street, a short distance west of the west curb of Thirty-eighth Street, where it upset upon the sidewalk, striking and injuring Mary Hegarty, the wife plaintiff, and her four-year-old daughter, who at the moment were walking thereon. The evidence was conflicting as to the cause of the accident, but in support of the verdicts and judgments for the plaintiffs, from which defendant has appealed, we must assume the truth of that in their behalf and all inferences properly deducible therefrom: Mountain v. American W. G. Co., 263 Pa. 181; Scalet v. Bell Telephone Co. of Pa., 291 Pa. 451. So doing, it appears that Rimmer was driving his car carefully and at moderate speed along the northerly half of the thirty-four-foot cartway in Haverford Street, near the north rail of the single track street railway, located in the center thereof, as the defendant's car, approaching from the south, stopped with its front near the south rail of the street car track. Then Rimmer, who had stopped his car near the east line of

Thirty-eighth Street, started forward in low gear and as he came opposite the Buick, it suddenly started forward, its bumper colliding with the side of his car, so that it (the bumper) was torn off by the impact, causing the accident. This recital is supported by the testimony of Rimmer and of his mother, Mrs. Robinson, who was with him, and also by that of an officer, to the effect that the defendant there stated she was nervous and started her car forward too soon. In addition, on a former trial, defendant had testified that she started forward after the front of the Ford had passed. For the defense there was evidence that the Buick car was standing at the time of the impact and that the Ford coming onto the intersection at high speed veered sharply to the left and forcibly collided with the bumper of the standing Buick, thereby causing the accident. This evidence as to high speed finds some support from the fact that the Ford ran forty or fifty feet after the collision and then tipped over on the sidewalk. On the other hand, it is not probable that Rimmer would deliberately turn his car so as to collide with the standing Buick, or that, if he did, the bumper of the latter would strike the center and not the left front corner of the Ford. The case, taken as a whole, was one for the jury, and binding instructions for the defendant could not have been given.

True, the actions brought by Rimmer and his mother against Miss Berger for the same accident resulted in verdicts and judgments for the defendant, which we affirmed. See Robinson v. Berger, 295 Pa. 95. That being by other plaintiffs was not res judicata here. In addition, those verdicts may have rested on the ground of contributory negligence which is absent in the instant case. It may well be that negligence of the drivers of both cars joined in the accident, in which case, while one could not recover from the other, plaintiffs here, as innocent parties, could sue both or either: Hughes et ux. v. Pittsburgh T. Co. et al., 300 Pa. 55, and cases

there cited (page 59) ; also Turton v. Powelton Electric Co., 185 Pa. 406.

Where there is affirmative evidence, even of one witness, showing negligence, the question is for the jury regardless of the strength of the opposing proof: Thomas v. P. R. R. Co., 275 Pa. 579, and cases there cited (page 582) ; also Giles v. Bennett et al., 298 Pa. 158; Fritz v. The Elk Tanning Co., 258 Pa. 180.

Defendant's contention that the case became one of law because plaintiffs' two main witnesses had testified differently on the trial of the other cases is untenable. The prior inconsistent statements or testimony of a witness may be shown to affect his credibility in the nature of impeachment, but it is still for the jury to say which is the truth. True, it has been held that the burden of proof is not met by the testimony of a witness so contradictory as to render any conclusion drawn therefrom a mere guess; but that rule applies only to testimony given on the present trial and not to statements made elsewhere even if under oath. Furthermore, the alleged conflicting statements in the instant case refer to the speed of the Ford and as to whether it stopped before crossing Thirty-eighth Street, matters of no controlling weight here, where the question is as to defendant's negligence, on which their testimony was the same at both trials.

As both cars reached the intersection at practically the same instant, the statute gave Rimmer (coming from the right) the preference (Alperdt et ux. v. Paige, 292 Pa. 1; Weber v. Greenebaum, 270 Pa. 382; Lochetta v. Cunningham Cab Co., Inc., 98 Pa. Superior Ct. 4), but that is not controlling here as the defendant stopped that he might proceed. The real question is whether she started forward before he had cleared her path.

There is no merit in appellant's contention that plaintiffs' case is disproved by the incontrovertible physical facts. The record presents no such facts. They are never established by oral evidence as to the position,

speed, etc., of movable objects: Schaeffer v. Reading Transit Co., 302 Pa. 220; Snyder v. Penn Liberty Ref. Co., 302 Pa. 320; Scalet v. Bell Telephone Co., supra. It was far from physically impossible that the accident happened as described by plaintiffs' witnesses.

We are not convinced that the trial court abused its discretion in refusing a new trial. The defendant's witnesses, while largely outnumbering plaintiffs', were mostly either in her car or in one back of hers and not in the most favorable position to see just what did occur and some are not altogether clear in their statements. The preponderance of evidence depends upon credibility and not upon numbers and a case will not be reversed merely because the weight of the evidence is with the appellant: Anderson v. Pittsburgh Rys. Co., 251 Pa. 517; and see Van v. Richmond et al., 259 Pa. 300; Rauch v. Smedley, 208 Pa. 175. The testimony in the case at bar, taken as a whole, does not greatly preponderate in favor of the defendant; certainly not to an extent that would justify the interference of an appellate court. That the jury here may have found the facts differently from those found by the jury in the case of Robinson v. Berger, supra, growing out of the same accident, does not necessitate a new trial: Lowe v. Haggerty, 283 Pa. 459. The proceedings in the other trial had no relevancy here except in so far as they might show that the testimony of witnesses given here differed from their testimony given there.

The judgments are affirmed.