## Zimmer et al. v. Clark, Appellant.

Argued September 30, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Matthew Randall,* and with him *Clinton A. Sowers,* for appellant.

*John A. M. McCarthy,* for appellee.

OPINION BY KELLER, J., November 11, 1931:

This action was brought to recover the damages sustained by a four year old child, and her parents, by her being knocked down and run over by defendant, while driving his automobile. From the judgment in the minor plaintiff's favor this appeal is taken.

The case raised questions of fact which were submitted by the trial judge to the jury in a charge to which no exceptions were taken, beyond the refusal to give binding instructions for the defendant.

Appellant contends that the incontrovertible physical facts adduced on the trial were such as to prevent a recovery by the plaintiff; but our Supreme Court has decided that "The rule that evidence which contradicts incontrovertible facts cannot alone be made a basis for sustaining a verdict, has no relevancy where the testimony of witnesses is needed in order to apply those facts to the issue in the case": Scalet v. Bell Telephone Co., 291 Pa. 451, 456; Pfeffer v. Johnstown, 287 Pa. 370. The position of a moving object which causes an injury, as shown by certain evidence, cannot be called an incontrovertible physical fact, when other evidence or inferences therefrom show the position of the object to be elsewhere at the time of the accident: Snyder v. Penn Liberty Refining Co., 302 Pa. 320; Schaeffer v. Reading Transit Co., 302 Pa.

220. Such "incontrovertible physical facts" are never established by oral evidence as to the position, speed, etc., of movable objects: Hegarty v. Berger, 304 Pa. 221, 226.

The evidence of Mrs. Strotbeck as to the position of defendant's automobile when it struck the child, relied upon by the appellant in urging that judgment non obstante veredicto be entered for him, is of the character excepted by the Supreme Court from the operation of the rule respecting the "incontrovertible physical facts," and was for the jury with the other evidence in the case.

The judgment is affirmed.