Nichols and Ritchie *v.* Kreinson, Appellant.

Argued March 16, 1932.

Before TREXLER, P. J. KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADT-FELD, and PARKER, JJ.

*F. D. Gallup* of *Gallup and Potter,* for appellant.

*T. B. Wilson* of *Wilson & Fitzgibbon,* for appellee.

OPINION BY TREXLER, P. J., May 4, 1932:

On September 27, 1927, a Buick roadster owned by Albert W. Ritchie, one of the plaintiffs, was driven by the other plaintiff, M. Ruth Nichols, in a southerly direction from Olean, N. Y., toward Bradford, Pennsylvania, a main highway paved with concrete. A Cadillac sedan owned by L. J. Kreinson, the defendant, driven by his employee, approached on the same high-

way in the opposite direction from Bradford to Olean. At a point in the highway, where there was a slight curve in the road, the two cars collided. There was an unobstructed view at the place of the accident of several hundred feet. The Ritchie car was damaged and Miss Nichols sustained bodily injuries. Separate suits in trespass were brought which by agreement were tried together and resulted in verdicts for the plaintiffs.

Miss Nichols testified that she was approaching the point of collision at the rate of 25 to 30 miles per hour and upon her right side of the road. She saw the defendant's car about 200 feet away and as it came nearer, it suddenly swerved to her side of the road and in the path of her car. She kept her car to the limits of the concrete at her right, watched the edge of the pavement and applied the brakes. The driver of the defendant's car being on his wrong side, swerved back to get to his proper (right) side, but in so doing, by swerving the car, the left front wheel struck the rear of the Ritchie car.

There was testimony which differed materially from the above in several particulars, but for present purposes, we are concerned with plaintiff's version, for the jury by its verdict indicated that they believed her account of the accident.

The first objection of the defendant is addressed to a portion of the charge of the court in which it instructed the jury that if they found from all the evidence in the case that defendant's car was on the left side of the highway and Miss Nichols was entirely on her right side, they would be justified in finding a verdict for the plaintiff. This statement was evidently intended to give the jury a start, that if these facts were present, standing alone, the defendant in passing a car was where he should not have been and the plaintiff was where she had a right to

be. The court then went on to elaborate that the jury should consider that even if defendant's car was on his left side of the road, the plaintiff might have contributed to the accident by coming along at an excessive speed.

The court also remarked that from all the evidence in the case, the jury might conclude that both cars were on the wrong side of the road. The court continued the instructions as follows: "You may conclude that Miss Nichols was on her right side of the road, proceeding at a proper and ordinary speed and that the Kreinson car got over onto the wrong side of the road thereby causing the accident." This, defendant concedes in his argument, is a correct statement and taking the charge as a whole, we do not think that the part to which objection is made constituted error. We may add what the lower court said in this connection in its opinion refusing a new trial: "The defendant's driver testifies that he was aware of the presence of a car moving in the opposite direction, when it was some five hundred feet away from him; that he thereafter proceeded a distance of one hundred twenty-five feet before the accident happened. It seems apparent that the demands of safety required and proper operation of the car permitted him to bring the defendant's car to the eastern half of the highway within that distance."

Certainly, although a driver is required to be on the right side of the road only when the demands of safety require it, the presence of a car approaching in an opposite direction and plainly seen by the driver, imposes a positive duty on him to stay on his side of the road so as to be able to pass the oncoming car: Boose v. Walker, 86 Pa. Superior Ct. 218.

The appellant claims that physical facts overcome the disputed oral testimony and that therefore a new trial should be granted. Counsel for the defendant

draws from the positions of the cars after the accident and the parts of the cars which were damaged, coupled with the assumption of the speed on plaintiff's part of 35 to 40 miles per hour, that the plaintiff was the aggressor and her car struck defendant's car and caused the accident. We may observe that the assumption of the speed of 35 to 40 miles per hour is not warranted by the uncontradicted testimony, for the plaintiff testified to the speed of 25 to 30 miles and this important premise in the argument drops out. It is only where the physical facts are plainly undisputed and show the impossibility of the thing happening in the way it is claimed to have occurred, that the court will interfere. No such situation presents itself in this case. We quote from the opinion of Brother KELLER in our recent case of Zimmer v. Clark, 103 Pa. Superior Ct. 145: " 'The rule that evidence which contradicts incontrovertible facts cannot alone be made a basis for sustaining a verdict, has no relevancy where the testimony of witnesses is needed in order to apply those facts to the issue in the case': Scalet v. Bell Telephone Co., 291 Pa. 451, 456; Pfeffer v. Johnstown, 287 Pa. 370. The position of a moving object which causes an injury, as shown by certain evidence, cannot be called an incontrovertible physical fact, when other evidence or inferences therefrom show the position of the object to be elsewhere at the time of the accident: Snyder v. Penn Liberty Refining Co., 302 Pa. 320; Schaeffer v. Reading Transit Co., 302 Pa. 220. Such 'incontrovertible physical facts' are never established by oral evidence as to the position, speed, etc., of movable objects: Hegarty v. Berger, 304 Pa. 221, 226.' "

The defendant's attorney asked a question in order to elicit from the plaintiff, Miss Nichols, at what speed she was going at a distance of four or five hundred feet before she reached the place of the accident. This

was objected to and the objection sustained. We infer from the previous questions that the evident intention. of counsel was to have the witness commit herself to an answer which implied that the speed she was traveling five hundred feet from the accident was maintained up to the point when the cars met. The question asked might form the basis which would lead up to the answer desired, but as the witness had already told the counsel that she did not vary her speed one way or the other and that she was maintaining a speed of 25 to 30 miles an hour and 30 was about the most that she was traveling, there was no material error committed in refusing to admit the testimony. It would merely have been a reiteration.

The remaining question is whether the court should have given binding instructions. The discussion of the facts above has sufficiently answered this question.

All the assignments are overruled and the judgment is affirmed.