Matthews *v.* Baltimore & Ohio R. R., Appellant.

Argued March 18, 1932. Before Frazer, C. J., Simpson, Kephart, Maxey, Drew and Linn, JJ.

*William H. Eckert,* with him *Smith, Buchanan, Scott & Gordon,* for appellant.—Mrs. Matthews was responsible for the contributory negligence of the driver: Schofield v. Director General of Railroads, 276 Pa. 508; Hepps v. R. R., 284 Pa. 479.

Mrs. Matthews was contributorily negligent as a matter of law: Miller v. R. R., 299 Pa. 63; Radziemenski v. R. R., 283 Pa. 182; Hepps v. R. R., 284 Pa. 479; Grimes v. R. R., 289 Pa. 320; Joseph v. R. R., 294 Pa. 315; Lunzer v. R. R., 296 Pa. 393; Massinger v. R. R., 300 Pa. 6; Weber v. Ry., 300 Pa. 351; Kinter v. R. R., 204 Pa. 497; Mankewicz v. R. R., 214 Pa. 386; Follmer v. R. R., 246 Pa. 367; Rhodes v. R. R., 298 Pa. 101; Lonzer v. R. R., 196 Pa. 610.

*Ralph P. Tannehill,* with him *T. L. Moritz,* for appellee.—That the negligence of the driver of a vehicle is not imputed to a guest has been held by this court in innumerable cases: Nelson v. Traction, 276 Pa. 178; Robinson v. Ice Co., 292 Pa. 366; Senft v. Ry., 246 Pa. 446; Nevins v. Ry., 261 Pa. 33; Jerko v. Ry., 275 Pa. 459; Azinger v. R. R., 262 Pa. 243.

OPINION BY MR. JUSTICE KEPHART, May 9, 1932:

Appellee's wife was killed in a grade crossing accident between an automobile and a train. Appellant contends that the negligence of the driver was chargeable to deceased because at the time of the accident the relationship between appellee's wife and the driver was that of master and servant, as the car was driven solely for her benefit and at her request (citing Schofield v. Dir. Gen. of Railroads, 276 Pa. 508; Hepps v. Bessemer & L. E. R. R. Co., 284 Pa. 479). But the facts in this case were found by the jury to be contrary to the premise on which these authorities are based. Spear, the driver, testified:

"Q. After taking Mrs. Matthews and Mrs. Trimbath home from seeing Mrs. Renninger, Mrs. Matthews asked you to take her to the greenhouse to get some flowers for her baby's grave, and you agreed to take her, is that right? ...... A. Yes, sir." This would apparently bring the deceased in the class of persons mentioned in the above cases, but when Mrs. Trimbath, deceased's sister, was asked, "Did you hear any conversation between Mrs. Matthews and Mr. Spear about the time you left them?" she answered, "When we were almost home Mrs.. Matthews said that she was going out to the greenhouse, I believe Smith's greenhouse, to get some flowers for the baby's grave, and Mr. Spear said he would take her out. That was just before we came to Mrs. Matthews' house. ...... Q. Then the accident happened within a very few minutes after you left her? A. Yes, I suppose about five minutes, but probably not that long." This testimony shows Spear volunteered to take the deceased to the greenhouse. In so doing, he was not a servant but a host with an invited guest in his car, who had no control over its operation or direction. See Carlson v. Erie R. R., 305 Pa. 431; Rodgers v. Saxton, 305 Pa. 479. The court charged the jury fully on this precise question, instructing them that if they found the facts as appellant contended for above, there could be no recovery. The testimony being in conflict, the question could not be decided as a matter of law, and the jury's verdict based upon the quoted testimony settles it that decedent was a guest.

Appellant next urges that even if the relation of master and servant did not exist, Mrs. Matthews was guilty of contributory negligence because she failed to discharge the independent duty of care devolving on an invited guest: Martin v. Penna. R. R. Co., 265 Pa. 282. Two circumstances must concur to constitute contributory negligence on the part of an invited guest. The first is the opportunity to be apprised of the threatened

danger, and, the second, the further opportunity to warn the driver.

The circumstances under which the accident took place are as follows: Appellant operates a double track railroad through Percy, Fayette County. A public road intersects the railroad. The automobile, driven by Spear, in approaching the railroad from the east took the customary precaution when the driver stopped, the front of his machine being 8 to 10 feet from the track; and both the driver and his guest, familiar with the situation, looked and listened. Not seeing or hearing a train approach, he proceeded to cross. As the front part of the car was entering the first rail of the second track, the guest called the driver's attention to a train approaching on that track. When he saw the train it was 30 to 40 feet away. The car failed to clear, and was struck about the center. The day on which the accident took place was clear and the sun was shining.

Had this been a straight piece of track, undoubtedly both Spear and Mrs. Matthews would have been guilty of contributory negligence. The difficulty with this branch of the case is that the railroad is laid on a curve which recedes as one approaches the track from the side on which the automobile traveled. The receding tracks are lost from view, then swing back again on an "S" curve, and disappear behind an embankment of earth through a deep cut. The highway approaches the tracks on which the train traveled on a broad obtuse angle which further tends to decrease visibility. While an engineer testified that the "sight view" was 1,940 feet, counsel admit that for much of that distance the rails of the track could not be seen because of a slight mound of earth, but urge that a train 15 feet high could be seen. To accept this statement, however, appellee's testimony would have to be disregarded. This testimony shows that because of buildings, trees, bushes, and shrubbery, a view could not be had over 75 to 80 feet on this curve. If these obstructions existed and the driver stopped 8 or

10 feet from the track, it is reasonably possible that a further view could not be obtained. Appellant contends that these obstructions did not exist, and that a clear view of the track was easily obtained for at least 600 feet, and that its map demonstrates this. The map does show the correct alignment of the road, but it does not show the obstructions, which appellee says were afterwards removed. The photographs are subject to the same observation. The chief circumstance which enables this case to go to the jury is the fact that bushes and trees and shrubbery are testified to as obstructing the view when the car was from 8 to 10 feet from the track. To do so they must have been close to the highway and close to the tracks at that point. The maps and photographs were made or taken after the accident. Whether any changes occurred in the meanwhile does not definitely appear, and it is conceivable there may have been. We agree then with the decision of the court below that the extent of visibility necessary to release appellant could not be determined as a matter of law. While these facts were controverted, the case was for the jury.

Assuming appellee's testimony to be true, as we must, when the machine started it had to travel at least 14 feet to reach the track on which the train approached. When the driver left the place where he had stopped and the machine had cleared the obstructions but was not in danger, there was then nothing to prevent him from seeing the train for about 600 feet. He was traveling at from two to five miles an hour, and could easily have prevented the accident.

Within this distance, the guest did give warning; the exact point at which it was given is not fixed; the driver saying it was when he was entering the first rail of the second track. As we said in Martin v. R. R., supra, "The passenger is not required to exercise the same high degree of care and constant watchfulness as the chauffeur; nevertheless, he must exercise a reasonable degree of watchfulness and when occasion requires warn the driv-

er of threatened danger, and he may, as matter of law, be chargeable with contributory negligence even where he has done nothing." If there had been no obstructions close to the highway, both would have had a view of 600 feet, and both would have seen the train before they started, but the obstructions prevented such view as we have said above. The driver's evidence shows that from the time Mrs. Matthews warned him until he was struck, he had traveled between 8 and 10 feet while the train ran 30 to 40 feet. Utilizing the map, the photographs and the evidence as to the attending circumstances, we cannot hold as a matter of law that she had sufficient opportunity to give warning before she did and thereby failed to perform the duty which a prudent person, acting within the rule laid down for guests, should have performed for her safety. If the opportunity is present and there is a failure to warn, then there is contributory negligence; or, as it may be better stated, the guest, realizing the situation, joins the driver in taking the chance. What we here decide is that Mrs. Matthews was not guilty of contributory negligence in failing to warn the driver sooner than she did.

Judgment affirmed.