Hoff et al., Appellants, *v.* Tavani.

Argued September 28, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*John V. McDonald,* for appellant.

*Joseph K. Willing* of *Sterling & Willing,* for appellee.

OPINION BY STADTFELD, J., February 1, 1934:

This is an appeal by plaintiff from a judgment entered in favor of defendant, non obstante veredicto, in an action of trespass for personal injuries sustained in a collision between an automobile of plaintiff and a truck of defendant at the intersection of Kingsessing Avenue and 55th Street in the City of Philadelphia, as a result of alleged negligence of defendant's driver.

About 8:30 o'clock P. M., on January 3, 1931, the plaintiff, A. Mered Hoff, at that time a minor, but since of full age, was driving his car, a Ford sedan, with another young man and a young lady in front, and two young men and a young lady in the back, eastwardly on Kingsessing Avenue toward 55th Street which intersects said avenue at right angles. The widths of the intersecting streets, were given by the city surveyor for the district as follows: Kingsessing Avenue, curb to curb, 44 feet, and 18 foot sidewalks; 55th Street, curb to curb, 40 feet, with 15 foot sidewalks. The other important distance testified to by the city surveyor was the distance from the north curb of Kingsessing Avenue to the south curb of Allman

Street (being the first street north of Kingsessing Avenue), 156 feet.

The contentions of the respective parties, as set forth in the opinion of the lower court by KUN, J., are as follows: ''The testimony of the plaintiff, substantially corroborated by his friends who were in the car with him, was to the effect that he was driving along Kingsessing Avenue about seven feet from the south curb, at about twenty or twenty-five miles an hour; that as he approached the intersection of 55th Street and got to the west house line thereof, he slowed down to twelve miles an hour; that he looked both ways and saw no other traffic on either street; that when he got about ten or twelve feet out on 55th Street, that is, beyond the west curb line, he then for the first time saw the defendant's truck to his left, coming, as first stated, about 100 or 125 feet away, but to emphasize the distance and to make it more certain, he stated that it was just passing the first street north of Kingsessing Avenue, which by subsequent testimony was shown to be Allman Street, shown by the surveyor to be 156 feet away, that is, from the north curb of Kingsessing Avenue to the south curb of Allman Street. It was also testified to that the speed of the defendant's truck was thirty-five miles an hour.

''The plaintiff testified that in this situation, by the time he got about halfway across 55th Street (interpreted in feet, had proceeded about 10 or 12 feet), the defendant's truck had gotten to the northerly house line of Kingsessing Avenue (interpreted in feet, had gone a distance of about 156 feet); that the defendant's truck swerved to its left, and the plaintiff swerved to his right, plaintiff claiming that the right side of the truck 'clipped' the left front of the plaintiff's car and overturned it on its left side.

''On behalf of the defendant it was testified that as defendant's truck came down 55th Street at a moderate rate of speed, as he approached Kingsessing Ave-

nue, two vehicles were coming eastwardly on Kingsessing Avenue, and as they got to the intersection, stopped one after the other to permit the defendant's truck to cross, and as defendant's truck was doing so, and having passed the second of these cars which had come to a stop, the plaintiff's car shot through the opening left between the second of these standing cars and the south curb, head-on into the right rear side of the defendant's truck, raising it off its right wheels and causing it to turn over a short distance away.''

The court refused binding instructions for defendant and submitted the case to the jury on these respective contentions to determine which they believed and to find their verdict accordingly. The jury found in favor of plaintiff. Motion for judgment non obstante veredicto was filed and, after argument, judgment was entered in favor of defendant. From that judgment this appeal was taken.

The trial judge, in considering the testimony ex parte plaintiff, came to the conclusion that it was opposed to incontrovertible physical facts and therefore relying on Lessig v. Reading T. & L. Co., 270 Pa. 299 and Lamp v. P. R. R., 305 Pa. 520, must be rejected. Quoting from his opinion, he says: ''As we take the plaintiff's testimony of distances the defendants' truck was away, 100 feet, 125 feet, 180 feet (the last by reference to Allman Street which he said it was passing when he first saw it and when he was ten or twelve feet out in the intersection of 55th Street), the collision as described by him becomes progressively impossible of occurrence. When this is made to appear so clearly as it does in the case before us, a verdict for plaintiff cannot stand.''

On a motion for judgment non obstante veredicto the plaintiff is entitled to the benefit of every fact and inference of fact upon which his right to recover from the defendant depends: Magesiny v. Smithian, 107 Pa. Superior Ct. 84, and the evidence must be

viewed in the light most favorable to the party obtaining the verdict and this rule embraces the evidence favorable to him on both sides: Jones v. B. & O. R. R., 108 Pa. Superior Ct. 404.

The presentation by the trial judge of plaintiff's case was apparently based on the testimony of plaintiff alone and disregarded vital differences as compared with other witnesses called on his behalf.

Kermit B. Weand, an occupant of the car with plaintiff, testified as follows: "As we were about in the middle of the street, I just happened to lean forward and I looked out of the window and I saw the truck coming down 55th Street. He was coming down at a rather high rate of speed, I judge about 30 or 35 miles an hour. Q. Where was the truck at that time? A. I would say about 75 feet away. Q. Where was the truck with respect to where you were? A. I would say it was about the northeast corner, back of the house property, the northeast corner, back of the house property. Q. That property faces on what street? A. Kingsessing Avenue. Q. So that it was lengthwise on 55th Street? A. Yes. Q. The automobile was at about the back of that house? A. About at the back. Q. What part of 55th Street was it in? A. The truck was coming on a straight line, it must have been about the middle of 55th Street, because we were crossing 55th Street, and that is about in the middle. Q. Go on and tell us what happened. A. There was a truck coming down at that rate of speed, about 30 or 35 miles, and as he got to the curb line he immediately increased his speed, a sort of loop around Mr. Hoff's car. Hoff swerved to his right to avoid the accident, and at the time they were running more or less on converging angles, and as he did this he happened to rake Mr. Hoff's car, or causing it to fall on the left side. Q. Whereabouts did the raking occur? A. The raking was on the left front of Mr. Hoff's car. Q. What side

of the truck did the car come in contact? A. The right side of the truck."

Charles Bender, also an occupant of the car with plaintiff, testified as follows: "A. Well, prior to the approach of 55th Street we were going about twenty-five miles an hour. When we came to the house line of 55th Street, he then was down to about ten or twelve miles an hour, and proceeded across, and we got about ten feet out from the west curb line of 55th Street when I seen this truck coming in a dead line for us. Q. How far to your left was your truck at that time? A. Oh, it was, I would say, about a hundred feet. Q. Can you fix it with respect to anything in the vicinity? A. I would say it was about even with the back porch of that house on the other little street. Q. Which corner of the other little street is that house on? A. That would be on the southeast corner."

Although plaintiff did fix the position of the truck as just passing Allman Street, both of his witnesses fixed the position of the truck as much nearer in feet, towit, Weand, 75 feet and Bender, 100 feet. Weand, furthermore, locates the truck as about the back of the house at the northeast corner of Kingsessing Avenue and 55th Street, whereas Bender says it was about even with the back porch of the house on the southeast corner of Allman Street. These variances of testimony in regard to the position of a rapidly moving object are to be resolved in the plaintiff's favor and he is entitled to rest on that testimony which most clearly supports the verdict rendered in his favor.

As was said in Schaeffer v. Reading Transit Co., 302 Pa. 220, 223: "We said in Snyder v. Penn Liberty Refining Co., 302 Pa. 320, 322, 'The position of a moving object that causes the injury, as shown by certain evidence, cannot be called an "incontrovertible physical fact" when other evidence ...... shows the position of the object to be elsewhere at the time of

the accident.' The facts which appellant contends are fixed are only estimates. Appellee may have been going faster than he thought or appellant may have been going slower." And in Ross v. Riffle, 310 Pa. 176, the Supreme Court said, at p. 180: "Of course, testimony opposed to incontrovertible physical facts and contrary to human experience and the laws of nature must be rejected: Lessig v. Reading T. & L. Co., 270 Pa. 299; Lamp v. P. R. R. Co., 305 Pa. 520. But this rule applies only to clear cases, and unless the evidence stands definitely opposed to incontrovertible physical facts, the case must be submitted to the jury, no matter how strong the countervailing proof may be: Bailey v. Lavine, 302 Pa. 273."

In the absence of evidence as to the precise distance between the place of the crash and the points fixed respectively by the witnesses Weand and Bender, the jury was entitled to accept their estimates as correct. It is also established by the testimony that both vehicles altered their speed so that the defendant's truck, instead of continuing at a speed of 35 miles an hour, increased its speed, while, at the same time the speed of plaintiff's car was constantly diminishing and his car was practically at a standstill at the moment of the contact.

Quoting from the opinion by Brother KELLER of our court in Zimmer v. Clark, 103 Pa. Superior Ct. 145, at p. 146: "Appellant contends that the incontrovertible physical facts adduced on the trial were such as to prevent a recovery by the plaintiff; but our Supreme Court has decided that 'The rule that evidence which contradicts incontrovertible facts cannot alone be made a basis for sustaining a verdict, has no relevancy where the testimony of witnesses is needed in order to apply those facts to the issue in the case': Scalet v. Bell Telephone Co., 291 Pa. 451, 456; Pfeffer v. Johnstown, 287 Pa. 370. The position of a moving object which causes an injury, as shown by certain evi-

dence, cannot be called an incontrovertible physical fact, when other evidence or inferences therefrom show the position of the object to be elsewhere at the time of the accident: Snyder v. Penn Liberty Refining Co., 302 Pa. 320; Schaeffer v. Reading Transit Co., 302 Pa. 220. Such 'incontrovertible physical facts' are never established by oral evidence as to the position, speed, etc., of movable objects: Hegarty v. Berger, 304 Pa. 221, 226.''

The lower court in its opinion adverts to the nature of the damage done respectively to the automobile and the truck, stating that ''all of which are a complete answer to the plaintiff's oral testimony of the circumstances of the occurrence, and on which alone the court would be justified in rejecting the claim (Young v. Gill, 103 Pa. Superior Ct. 467).''

As stated in Clarke v. Hughes, 108 Pa. Superior Ct. 586, by our Brother BALDRIGE, at p. 589: ''Nor do the physical facts discredit the plaintiff's version of the accident, as contended. The testimony that the glass in the rear of appellant's car was broken is persuasive, but is not decisive as to the cause of the accident or that the plaintiff was negligent. The manner in which the appellant operated his car, the conduct of the plaintiff, and other important facts, were in controversy and depended on oral evidence. There was no physical fact that demonstrated conclusively the correctness of the appellant's theory as to bring the case under the doctrine of 'indisputable physical facts': Zimmer et al. v. Clark, 103 Pa. Superior Ct. 145, 156 A. 815. As the evidence on the part of the plaintiffs does not disclose that Mrs. Clarke failed to discharge her legal duty, the issues involved were for the jury.''

Our conclusion is that the court erred in entering judgment for defendant. While it discharged defendant's motion for a new trial, it did not consider it on the merits.

The judgment for defendant is reversed and the record remitted for such further consideration of the motion for a new trial as the court deems proper.