## Scull *v.* Moross, Appellant.

Argued October 13, 1933. Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

582

J. *Webster Jones*, for appellant.

*Alexander Love, Jr.*, and with him *Ladner & Ladner*, for appellee.

OPINION BY STADTFELD, J., February 1, 1934:

This was an action in trespass for the recovery of damages to an automobile and for personal injuries sustained as a result of a right angle collision between plaintiff's automobile and defendant's truck. The case was tried before a judge without a jury. Defendant asked for findings in his favor, and filed a motion for judgment non obstante veredicto. The court found for plaintiff and in an opinion by BLUETT, J., directed the entry of judgment on the findings. From that judgment this appeal was taken by defendant.

The accident, out of which this suit arose, occurred on February 29, 1932 at about 2:30 o'clock P. M., at Vaux Street and Queen Lane, a right angle intersection in the City of Philadelphia. Vaux Street runs north and south. Queen Lane runs east and west.

The plaintiff testified that he was driving north on Vaux Street and when the rear wheels of his automobile were even with the south curb of Queen Lane he saw defendant's truck 200 feet to his right, coming west on Queen Lane at 30 to 35 miles per hour. The plaintiff, traveling in second gear at 12 miles per hour, continued across Queen Lane, and when the front

wheels of his car were on a line with the north curb of Queen Lane, he was struck on the right hand rear side by the defendant's truck which he did not again see, after seeing it 200 feet away, until it was 10 feet away from him. Plaintiff testified that Queen Lane is about 80 feet wide and Vaux Street about 60 feet; that Queen Lane had just been watered and the street was wet; that defendant had greatly increased his speed during the last 10 feet of its course and the wheels of his truck were locked and the truck was in a front skid.

On behalf of defendant, the city map of the city plans showing the intersection of Vaux Street and Queen Lane, were produced and offered in evidence, and which showed Queen Lane to be 42 feet wide, and Vaux Street 34 feet wide and that they intersect at right angles. Defendant contended that since the plaintiff's testimony indicating that he traveled 80 feet from curb to curb of Queen Lane after seeing the defendant 200 feet away from him, is contradicted by the indisputable fact of the city plan, showing Queen Lane to be only 42 feet wide, plaintiff is proven mistaken by an infallible mathematical test in the material fact of distance, and that the accident could not have happened as plaintiff says it had happened.

The findings of the trial judge without a jury have the weight of the verdict of a jury if supported by legally competent evidence. In passing on the motion for judgment non obstante veredicto, all of the testimony as well as the inferences must be considered in the light most favorable to plaintiff.

The only assignment of error relates to the refusal of the lower court to enter judgment in favor of defendant who depends on the application of the "incontrovertible physical fact" rule because of the mistaken estimate of plaintiff as to the width of Queen Lane and Vaux Street.

Irrespective of the fact that the testimony of plain-

tiff as to the width of the two streets was based on mere estimates, the rule which defendant invokes has no application. Quoting from the opinion of Mr. Justice WALLING in Hegarty v. Berger, 304 Pa. 221, at p. 226: "There is no merit in appellant's contention that plaintiff's case is disproved by the incontrovertible physical facts. ...... They are never established by oral evidence as to the position, speed, etc., of movable objects: Schaeffer v. Reading Transit Co., 302 Pa. 220; Snyder v. Penn Liberty Refining Co., 302 Pa. 320; Scalet v. Bell Telephone Co., 291 Pa. 451." To same effect, Zimmer et al. v. Clark, 103 Pa. Superior Ct. 145.

After a careful examination of the testimony we believe that the findings and judgment of the lower court were fully justified.

The assignments of error are overruled and judgment affirmed.