Winters et al. *v.* York Motor Express Company, Inc., Appellant et al.

422

Argued October 31, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*Joseph K. Willing,* with him *Elias Magil* and *Philip Sterling,* of *Sterling and Willing,* for appellant.

*James F. Masterson,* for appellee.

OPINION BY JAMES, J., February 1, 1935:

The minor plaintiff, by his parents, sued the York Motor Express Company, who caused a sci. fa. to be issued against Feldman, joining him as an additional defendant. The jury rendered a verdict against both defendants and the York Motor Express Company has appealed, alleging as error the refusal of the motions for a new trial and judgment n. o. v.

The testimony shows that about 3 A. M. on September 11, 1931, Isadore Feldman, one of the defendants, was driving a Dodge automobile from New York to Philadelphia, and at Jersey City, he stopped at a place on the road where Charles Winters, the minor plaintiff, was standing, and inquired if he was on the right road. Winters, a total stranger to Feldman, stated that he wished to go to Philadelphia and that if Feldman would take him along, he would show him the way. At about 4 A. M., they had reached a point on the Lincoln Highway near Fallsington, Bucks County, when the motor vehicle being driven by Feldman came in contact with the truck driven by an employee of the York Motor Express Company going towards New York. According to the testimony of Winters, while the car in which he was riding was traveling at the rate of twenty-five to thirty miles an hour he saw the headlights of the approaching vehicle about four hundred to five hundred feet away. When the approaching vehicle came about one hundred feet from the car in which he was traveling, Mr. Feldman, his driver, slowed down to about fifteen miles an hour and pulled over to the right of the road, his two right wheels being on the dirt shoulder. When about fifteen feet away, the approaching vehicle or truck started to sway and hit the left side of the car in which plaintiff was riding. From this point on the minor plaintiff has no recollection, being taken to a hospital shortly thereafter. Feldman, the driver of the car in

which the minor plaintiff was riding, testified to substantially the same. The driver of the defendant's truck testified that he saw the headlights of the approaching car driven by Feldman about four or five hundred feet away and saw him edging towards the center of the highway, and that he kept moving over to his right and that at the time of the collision the four wheels of his truck were off the concrete road and that his car was struck on the left front side when the collision occurred. He further testified that he asked the driver of the Dodge car, "What was his idea of coming over to my side of the road," Feldman replied, "I fell asleep, I'll get hell for this." His story is substantially corroborated by Carl E. Pinto, a driver of an automobile, who was following the truck a short distance to the rear. Arthur Diem, a State Highway patrolman, who arrived at the scene of the accident shortly thereafter, found the truck to the right side of the highway, while the Dodge sedan was partly over the highway on the opposite side of the road; that he interviewed Feldman while he was at the hospital and that the latter told him he fell asleep.

Appellant complains that the verdict was against the weight of the evidence and against all the impartial testimony. Under this testimony it was clearly a question of fact for the jury to determine whether the plaintiff and his witnesses were telling the truth, or whether the defendant's witnesses were telling the truth, and although if sitting as jurors, the court below or this court might have arrived at a different conclusion than that arrived at by the jury, to set this verdict aside, would be a usurpation of the functions of the jury, on our part. The testimony is so conflicting as to require a finding by a jury and having found against both defendants upon testimony which if believed, warranted the finding of the jury, we should not disturb.

Appellant further complains that the court below failed to charge with reference to bias or interest on the part of the witnesses. At the conclusion of the charge, the court asked counsel: "Gentlemen, is there anything else?" and no reply was made. No request having been made by appellant to charge on the question of bias, and failing to bring the matter to the court's attention when given the opportunity, appellant cannot now complain. If the oversight had been brought to the court's attention, the question undoubtedly would have been properly submitted. Having failed to take advantage of the opportunity to bring any oversight or inadvertence to the court's attention, we cannot recognize any complaint as to the inadequacy of the charge on a matter not fundamental.

Under assignments of error Nos. 1, 2 and 3, appellant contends that the doctrine of incontrovertible physical facts applies and requires a reversal of the judgment. State Highway patrolman, Arthur Diem testified: "When I arrived the first thing I noticed was a Mack truck over to the right side of the highway and the right front wheel of that truck was into the bank and at a telegraph pole. Now, directly in back of that truck were marks showing that the truck had been off the highway; the right wheels of the truck had been off the highway for some thirty or thirty-five feet. ...... Then I noticed on the other side a Dodge sedan very badly damaged, partly off the highway and partly on the highway." This testimony does not establish a proper case for the application of the rule of incontrovertible physical facts. The appellant's position necessarily assumes the truthfulness of the statement of the highway patrolman, which was entirely a question for the jury. It further assumes that the location of the marks showing that the truck was driven off the highway, were marks that were made before the collision and that the truck had not been

moved after the collision, which loses sight of appellee's contention that the location of the truck was due to the driver of the truck losing control after the collision. There is nothing in the record which positively fixes the exact location on the highway where the collision occurred, and in order to apply the doctrine of incontrovertible physical facts, we must reject all plaintiff's testimony as to the happening.

The question to be determined by the jury was: What was the position of the two moving vehicles at the time of the collision? and although the position of the vehicles with the marks upon the road after the collision throws some light upon how the accident occurred, their location was not such an incontrovertible physical fact as demonstrates that defendant's version was true. The position of a moving object which causes an injury, as shown by certain evidence, cannot be called an incontrovertible physical fact, when other evidence or inferences therefrom show the position of the object to be elsewhere at the time of the accident: Snyder v. Penn Liberty Refining Co., 302 Pa. 320, 153 A. 549; Schaeffer v. Reading Transit Co., 302 Pa. 220, 153 A. 323. Such 'incontrovertible physical facts' are never established by oral evidence as to the position, speed, etc., of movable objects: Hegarty v. Berger, 304 Pa. 221, 226, 155 A. 484; Zimmer et al. v. Clark, 103 Pa. Superior Ct. 145, 156 A. 815; Scull v. Moross, 111 Pa. Superior Ct. 581, 170 A. 366.

Appellant's contention that the minor plaintiff was engaged in a joint enterprise with the defendant, Feldman, is not supported by the testimony. They had never known each other prior to the time Feldman invited Winters to get in the car, when Feldman was informed that Winters could show him the way to Philadelphia. The plaintiff had no relationship with the car and knew nothing of Feldman's mission to Phila-

delphia and was a passenger in the car solely to expedite his own return to the city. In order to fix the status of an actor in a joint enterprise on a passenger in an automobile with the driver thereof not only must there exist between the injured person and the driver a common purpose to be served in the use of the car but there must also be evidence which would warrant a finding that such injured person had some right to a voice in the control, management or direction of the vehicle. The mere fact that the parties were riding together towards the same destination, is not sufficient to effect a common purpose or enterprise: Carlson v. Erie R. R. Co., 305 Pa. 431, 158 A. 163; Rodgers v. Saxton, 305 Pa. 479, 158 A. 166; Johnson v. Hetrick, 300 Pa. 225, 150 A. 477. The testimony not only failed to establish a common purpose to be served in the use of the car but there was no evidence whatever, that the plaintiff had any right to a voice in the control, management or direction of the vehicle.

Neither does the testimony establish that the minor plaintiff was guilty of contributory negligence. Undoubtedly, it is the duty of a passenger to warn the driver of a known danger but under the testimony, the accident happened so suddenly that plaintiff had no opportunity to voice any warning. Plaintiff's testimony was that defendant's truck did not sway over towards the car in which the plaintiff was riding until it was fifteen feet away, at which time Feldman had pulled the car over to the right side of the road. In order to convict an invited guest of contributory negligence, two circumstances must concur. The first is the opportunity to be apprised of the threatened danger, and the second, the further opportunity to warn the driver: Matthews v. B. & O. R. R., 308 Pa. 238, 162 A. 221. Applying this rule, the question of contributory negligence was a question of fact for the jury.

Appellant earnestly contends that the court erred in the following portion of its charge, to wit: "Also bear in mind that the law does not look with favor on back-seat drivers. If you are riding in an automobile and you undertake to help the driver to operate that automobile, nine times out of ten you will do more harm than good; you know that, and you know if you are going to say, 'Did you see that light? Look out for that car,' you're going to get him nervous. There is no duty on your part to do that." This excerpt follows a very complete discussion of the duty which the plaintiff owed to the driver in warning him of approaching danger, and was immediately followed by the observation, "but it might be that you would think that he saw these cars coming together at such a distance that it was his duty to do something about it. If you do so think and he did not do something, then he was guilty of contributory negligence and he cannot recover." Appellant complains that the court was wrong in using the term "back-seat driver" as the plaintiff was sitting along side of the driver, but the term "back-seat driver" is not restricted to one sitting in the rear seat but is usually applied to a highly nervous passenger whether sitting in the rear or by the driver, who by unwarranted advice and warnings interferes in the careful operation of the car, and in the sense in which it was used by the court, taken in connection with the entire charge, we do not believe it gave the jury a false impression of the duty which a guest passenger owes to the driver of warning against threatened danger.

The assignments of error are overruled and the several judgments are affirmed.